Per Curiam.

This case comes within the principle laid down in the case of Woodworth v. Dole and others, decided in the court for the correction of errors, in March last.(a) Buying and selling of lands out of the possession of the vendor, and held adversely at the time, is buying and selling a pretended title, and is not a valid consideration fora promise. It is a species of maintenance, and void on general principles of law and public policy. A sale by one state, of lands within the jurisdiction and under the adverse claim of am other state, must be judged by the same principles of law, as a sale by an individual, since the several states, in respect to their territorial claims, have submitted themselves to the cognizance of the judiciary of the United States.
Though the sale was, formally, made by Hunt to the defendant, yet the plaintiff was privy thereto, and instrumental *in effecting it, and he had previously conveyed the same lands, under the same title, to Hunt, whose notes he held for the purchase money, and which were delivered up, in exchange for the present notes. If Hunt was not merely the agent of the plaintiff, in this transaction, yet the plaintiff received the notes, for the like consideration, and with full notice of all the circumstances; he is, therefore, to be affected by the objection against the legality of the consideration. The court are therefore of opinion, that the motion ought to be denied.
Lewis, J. dissented.
Lansing, Ch. J. not having heard the argument of the cause, gave no opinion.
Motion denied.(b)

(a) See infra, p. 417.

(b) By the statute 32 Hen. VIII. o. 9, “ No one shall buy or sell any pretended right or title to land, unless the vendor hath been in possession of the same or the reversion or remainder thereof, or taken the rents or profits thereof for one whole year, before such grant, on pain that both purchaser and vendor shall each forfeit the value of such land to the king and the prosecutor.” By *60 the 2 Revised Statutes, 576, $6, 2d ed., it is provided that, “No person shall buy or sell, or in any manner procure, or make or take any promise or covenant to convey, any pretended right or title to any lands or tenements, unless the grantor thereof, or the person making such promise or covenant, shall have been in possession, or he and those by whom he claims shall have been in possession of the same, or of the reversion or remainder thereof, or have taken the rents and profits thereof, for the space of one year before such grant, conveyance, sale, promise or covenant made ; and every person violating this provision, shall be deemed guilty of a misdemeanor.” This statute however, does not apply to any mortgage executed by a person not in possession of lands to which he has a just title, but of which there shall be an adverse possession, nor to any conveyance of lands, &c., to any person in the lawful possession thereof. Id. § 7; see also, 1 id. p. 732, § 148. “ The rule of law against the sale of pretended titles may be considered as for the most part adopted into American jurisprudence, and is generally affirmed by express statute; but in some of the states it has been modified or abolished. The common law rule has been recognized in Massachusetts and Indiana. In Massachusetts, there is no statute on the subject; but the act has always been unlawful. It is doubtful, whether the statutory penalty is incurred; but it may he punished by fine and imprisonment. In Maine, where one has the right of entry, though disseised, his conveyance is good. Fite v. Doe, 1 Ind. 127; Brinley v. Whiting, 5 Pick. 356; Me. Rev St. 371. In Connecticut, the seller and buyer forfeit, each one-half the value of the land. Con. St.; Hinman v. Hinman, 4 Conn. R. 575 ; Hyde v. Morgan, 14 Conn, R. 184. But in Pennsylvania, though not expressly abrogated, the rule is held not to be in force. Cresson v. Miller, 2 Watts, 272. So, in New Hampshire, it is no offence to purchase lands held adversely, and it is the general impression that such purchase is not invalid in law. Hadduck v. Wilmarlh, 5 N. H. 181. In South Carolina and North Carolina, a purchase of, or contract for, the title to real estate is forbid, unless the seller or those under whom he claims have been in possession, or had the reversion, or the rents and profits, a whole year previously. The seller forfeits the land, and the buyer its value. But one in possession may purchase a pretended title. 1 Brev. Dig. 101,102 ; 1 N. C. Rev. St. 260 ; Hoppiss v. Eskridge, 2 Ired. Eq. 54. In Kentucky, by an act of 1824, a conveyance of, or contract for, land held adversely, is void, and the vendor retains his title. Wash v. M’Brayer, 1 Dana, 566, 2, 68. In Kentucky and Tennessee, there must be an adverse possession, and, if the seller be a non-resident, such possession must be by deed, devise, or inheritance. The prohibition does not apply to conveyance in fulfilment of a bona fide contract, made prior to any adverse possession. Ten. St. 182], 72; Sims v. Cross, 10 Yerg. 460 ; Cardwell v. Sprigg, 1 B. Monr. 370. In Ohio, it seems, there is no law against champerty and maintenance. But the purchase of land, from one against whom a suit is pending for it, is void, except against himself, if he prevails. A release passes the title, notwithstanding an. adverse possession. Walk. Intro. 297, 351, 352 ; Hall v. Ashby, 9 Ohio, 96. In Arkansas, Illinois and Missouri, a deed is valid, though there he an adverse possession. Illin. Rev. L. 130 ; Misso. St. 119 ; Ark. Rev. St. 189.’’ 2 Hilliard Abr. 2d ed. 414, 415. Wherever then the statute of 32 Hen.,VIII. e- 9, has been re-enacted, or its provisions are recognized as apart of the common law, any agreement of which the consideration is the sale of lands held adversely by a third person must be void. Belding v. Pitkin, 2 Caines, 147 ; Swett v. Poor, 11 Mass. R. 549 ; Everenden v. Beaumont, 7 id. 78; Brinley v. Whiting, 5 Pick. 354.
To constitute the offence within the statute, five things appear to be necessary :
1. The estate sold or purchased should be a legal as contradistinguished from an equitable estate. Wood v. Griffith, 1 Swanst. 43, 55, 56; Allen v. Smith, 1 Leigh. R. 231.
2. The purchase should he made from some person other than the state.Jackson v. Gumuer, 2 Cowen, 552.
3. The sale should not be judicial. Tuttle v. Jackson, 6 Wend. 224; Saunders v. Groves, 2 J. J. Marsh, 407. (Query, whether the statute applies to sheriffs’ deeds. Jackson v. Anderson, 4 Wend. 474.)
4. The land should be held adversely. Preston, qui tam, &c. v. Hunt, 7 Wend: 53 ; Swett v. Poor, ut sup.; Everenden v. Beaumont, id.; Brinley v. Whiting, id.; Walcot v. Knight, 6 Mass. R.421. As to what constitutes such adverse holding, it seems to he the rule that there must be in all cases a claim and color of title: Humbert v. Trinity Church, 24 Wend. 587; Jackson ex dem. Dunbar v. Todd, 2 Cai. R. 183 ; Jackson ex dem. Young v. Ellis, 13 J. R. 118 ; Smith ex dem. Teller v. Burtis, 9 J. R. 174; Jackson ex dem. Roosevelt v. Wheat, 18 J. R. 40 ; Jackson ex dem. Vanderlyn v. Newton, 18 J. R. 355 ; La Frombois v. Jackson ex dem. Smith, 8 Cow. 589 ; Jackson ex dem. Ten Eyck v. Frost, 5 Cow. 346; made in good faith with reliance thereupon, and in the belief that the land is the property of the Claimant; Livingston v. Peru Iron Co. 9 Wend. 511 ; Jackson v. Halstead, 5 Cow 216; and held by him exclusive of the rights of all others; Humbert v. Trinity Church, 24 Wend. 587 ; Smith ex dem. Teller v. Burtis, 9 J. R. 174; Jackson ex dem. Roosevelt v. Wheat, 18 J. R. 40 ; Jackson ex dem. Vanderlyn v. Newton, 18 J. R. 355 ; though it is of course not necessary that such title should be legal and valid ; Jackson ex dem. Dunbar v. Todd, 2 Cai. R. 183 ; Jackson ex dem. Young v. Ellis, 13 J. R. 118; Jackson ex dem. Gilliland v. Woodruff, 2 Cow. 276 ; Jackson ex dem. Young v. Camp, 1 Cow. 605 ; La Frombois v. Jackson ex dem. Smith, 8 Cow. 589 ; Clapp v. Bromagham, 9 Cow. 530. If there be no deed as evidence of the claim then there must be a pedis possessio — an actual occupancy — a substantial enclosure of the premises ; Jackson ex dem. Gee v. Oltz, 8 Wend. 440, 441; Jackson v. Schoonmaker, 2 Johns. R. 34 ; Livingston v. Peru Iron Co. ut sup.; Humbert v. Trinity Church, ut sup.; for every constructive adverse possession must be founded on a deed or paper title ; Simpson v. Downing, 23 Wend. 316 ; Jackson ex dem. Gilliland v. Woodruff, 1 Cow. 276 ; Jackson ex dem. Young v. Camp, 1 Cow. 605 ; La Frombois v. Jackson ex dem. Smith, 8 Cow. 589 ; Jackson ex dem. Putnam v. Bowen, 1 Cai. R. 358 ; Jackson ex dem. Bristol v. Elston, 12 J. R. 452. See also, Jackson ex dem. Ten Eyck v. Richards, 6 Cow. 617 ; Jackson ex dem. Hasbrouck v. Vermilyea, 6 Cow. 677 ; Jackson ex dem. Gee v. Oltz, 8 Wend. 440. If however the party claim under a deeds ¡the actual occupancy of pat'L of the premises claimed, is sufficient; unless indeed the paper title include a large patent or tract much more than can be necessary for the purposes of cultivation. Per Savage, Ch. J. in Jackson v. Oltz ut sup.; Jackson v. Woodruff, 1 Cow. 276. See Jackson v. Camp, id. 605, 609, The books abound with illustrations of adverse possession, both actual and constructive, it is therefore deemed unnecessary to supply any here. An excellent mode of discriminating whether possession is adverse, is laid down by Mr. Chitty, Gen. Prac. vol. 1, p. 748, et seq.\ who observes that “there are four general rules when it is not so, viz. first, when both the parties claim under the same title ; secondly, when the possession of the one party is consistent with the title of the other ; thirdly, when the claimant or his successor has never, in contemplation of law, been out of possession ; and fourthly, when the occupier has acknowledged the claimant’s title.” A large number of cases are presented under each rule to which the reader is respectfully referred.
5. The party charged with the offence should have knowledge of such adverse holding. Preston qui tam, &c. v. Hunt, 7 Wend. 53 ; Swett v. Poor, ut supra ; Everenden v. Beaumont, id. ; Brinley v. Whiting, id.; Walcot v. Knight, 6 Mass.R. 421; Lane v. Shears, 1 Wend. 433, 437. Thus in Teel v. Fonda, 7 Johns. 251, which was the case of a purchaser, the court say the evidence is full and complete, that when the defendant purchased the lot, it was claimed and possessed under a hostile title, and all this was known to the defendant at the time of his purchase. And in Hassenfrats v. Kelly, 13 id-466, 468, which was the case of a vendor, the court say : “ The statute intended to punish persons for selling pretended rights to land, for the purpose of maintenance, and when it is evident that such intention did not exist, there can be no offence. A contrary argument may be derived from the statute, which subjects the taker, or buyer, to the same penalty as the seller, if he knew the sale to have been made against'the provisions of the act, indicating, that if the taker, or buyer, did not know it, he should not incur the penalty ; and as the statute is silent as to the knowledge or ignorance of the seller, it may be inferred, that the legislature intended to punish him, without regard to that fact, on the ground that he is chargeable with the knowledge of the state and circumstances of his own lands. It would be the legal intendment, undoubtedly, that every man knew the situation of his real property ; but if he could show that he did not know it, it would be very unreasonable to subject him to a penalty, for an offence perfectly unintentional. The deed, under such circumstances, would be void and inoperative, and there is no good reason why an innocent person, unconscious of offence, should be punished beyond that. In the case of Partridge v. Strange Croker, (1 Plowd. 80, 88 ; 1 Dyer. 746,) an exception was taken to the declaration, that there was no averment that the bargain and sale was foi maintenance, and the court held it to be a good exception, and that the plaintiff had not shown the ease to be within the danger of the statute, saying, that was the point of the statute.” In the case of Etheredge v. Cromwell, 8 Wend. 629, this doctrine was applied under peculiar circnmstanoes. The vendor, when he convoyed, knew that he had no title, but the jury negatived his knowledge of an adverse hold•ing, and the .court held principally upon the authority of Hassenfrats, qui tam, v. Kelly, cited supra, that such knowledge was necessary to complete the statutory offence. Sutherland, J. delivering the opinion of the court saysi “ Where the action is against the grantee of a pretended title, the jury must find that the grantee.knew the title was pretended. 1 Leon. 166, 167. I am not prepared to say, that according to the English authorities, the grantor of a pretended title to land must know that it is held adversely, in order to subject him to the penalty of the statute; but the policy of the statute was founded upon a state of society which does not exist in this country, and it is perhaps indispensable that such a construction should be given to it here as is adapted to the peculiar state of our uncultivated lands. 4 Kent’s Comm. 438. 3 Cowen, 643, 4, 5. As it respects the actual owner of lands, who conveys them in good faith without knowing that they are occupied, it would be most oppressive and unjust to subject him to the penalties of the statute ; and the statute makes no disoriminationhetween a conveyance, made by one who supposes he has a right to convey, and a conveyance where the grantor knew he had no title. I am inclined, therefore, to say that the penalty shall not attach in any case, if the grantor can show that 'he was ignorant at the time of his conveyance that the lands were claimed or held adversely.” If the offence be in other respeets complete, it is immaterial whether the right or title purchased or sold be good or had ; for if it be ever so good, if the vendor be not in possession nothing passes by the deed, and the ease comes within the statute. Tomb, qui tam, &c. v. Sherwood, 13 Johns. R. 288.