Chief Justice Robertson
delivered the Opinion of the Court.
On a joint and several demise in the name of Arthur Conley’s heirs, two of the lessors (now appellees) ohtained a verdict and judgment, in ejectment, against *22 William Chiles and others claiming under him, for two undivided seventh parts of a tract of land.
Title of the defendantg.
Title of the plaintiffs.
A record offered entire as evi denee, when some portions of it only are relevant, must be rejected.
Chiles claimed the land in virtue of a conveyance to him, in 1816, by the heirs of William Hays* who was a patentee, and he also held a deed from some of the lessors, but not from either of those who obtained the judgment.
The precise>sources, character and extent of the claim of the appellees, do’not clearly appear ; but we may infer that they rely chiefly on a conveyance from William Hays, the patentee, to one Taylor, in 1793, for a part of the land in controversy, and a deed from Taylor to themselves, in 1825; a paper purporting to be a- deéd from one Bridges to their ancestor, in 1806, for another portion of the land; a sale'by the same patentee (Hays) to Bridges, in 1794, and continuous occupancy, under those contracts, from their dates, for a peri.od exceeding twenty, but less than thirty years.
In revising the judgment, the following points only will be specially noticed :—
First. On the trial, the circuit court refused to permit the appellants to .read the record of a suit in chancery which had been prosecuted by the lessors against the appellant, Chiles, and against the heirs of William Hays and of Bridges and others, for adjusting the title to the land for which this suit was brought; and that decision by the circuit judge is now complained of as erroneous.
This court need not decide whether every part of the record was so totally irrelevant as, on that ground, to be inadmissible as evidence in this case. Whether there is any thing in any part of it, that could operate in any way in counteracting any presumption of a conveyance from William Hays to Bridges, or whether, in other respects, it should tend, in any degree, to affect the claim of the appellees, are questions which we shall not consider ; because, however the record, if any portion of it were admissible, might operate, there being much of it that would be illegal and irrelevant, the circuit court did not err in refusing to admit the record as offered, even had a portion of it been, by itself, admissible for *23 any purpose or, in any degree, had been proper evidence. Moreover, two of the appellants were not parties to the chancery suit ; and unless the record of that suit woub’ be legal evidence against them, it would not be admissible for them. The record does not shew certainly what privity exists between those two of the appellants and Chiles, the other appellant.
A record which cannot be used against parties to a suit on trial, because some of them were not parties to the record, cannot be used for them.
An unrecorded deed has no effect against a subsequent bo-na fide purchaser, for a valuable consideration, without notice; but whe ther the party to be prejudiced by the deed, is that description of purchaser, or not, is a question to be determined by a jury, not by the court.
Any writing that identifies the parties to a contract for land — describes it — ackno11- ledges a sale in fee of the vendor’s right, for a valuable consideration, and is signed and sealed by the grantor,and duly attested, is a good deed of bargain and sale, however concise or summary the language may be.
Second. On the motion of the appellees, the circuit court gave the following instruction to the jury:— “ that the deed from Hay’s heirs to Chiles passes no title so far as said deed covers the land of Taylor that is, the land which Hays had previously conveyed to Taylor. As the deed to Taylor had never been recorded, it was inoperative so far as Chiles was concerned, if he was a Iona fide purchaser, for a valuable consideration, without notice. Whether he was such a purchaser, and whether at the time of his purchase (that is when he paid the consideration and obtained his deed,) he had notice, express or implied, were questions which the jury, and not the court for them, had a right to decide. The instruction of the court was, therefore, erroneous.
Third. The court also gave to the jury the following instruction: — “that the instrument of writing from William Bridges to Arthur Conley, dated 6th February, 1806, was a deed of bargain and sale, and sufficient to transfer the title of Hays to Conley.” The writing here alluded to is as follows :—
“ For value received, I bargain and sell unto Arthur Conley, my whole right of improvement made by John Brown, and all the land as far as Thomas Miller’s claim interferes with my claim. Given under my hand and seal, this 7th day of February, 1806.
William Bridges. (Seal.)
Test. Thomas Boyd, )
John Robinson.” j
The literal import of this writing is that of an executed agreement, or a conveyance of the title which the vendor held. It contains all the essential requisites of a conveyance in fee simple. It is informal and unusually summary, when compared with the redundant, quaint *24 and prolix style of modern conveyances by deed. But it is not more laconic or less comprehensive than 'the ancient Saxon deeds, and is almost as formal and elaborate as the antiquated charters of enfeoffment; and, indeed, its form and style are, in some respects, preferable to the repletion and repetitions which unnecessarily characterize and greatly deform modern deeds of conveyance. It is sealed, and signed, and attested properly ; it shews a valuable consideration ; it identifies the parties ; describes the land, and acknowledges an absolute executed sale in fee of the vendor’s right. These constitute a deed of conveyance ; and therefore-,, as this instrument contains no provision or intimation to the contrary, this court cannot, by any allowable process of interpretation, give to it any other character or effect than those of a deed/of bargain and sale. Co. Lit. 7, a. 4 Kent's Com. 460-1.
An executory contract for land —with 20 years possession, being shown,a jury may,without further proof, presume a legal conveyance ;but the nature ofthe holding in such a case, may be explained, and the presump- ’ tion rebutted, by proof tending to a contrary conclusion. It is a presumption, founded upon law and fact, which a ‘jury may indulge, or reject: not a mere-conclusion of law. They should be instructed as to the legal effect of the possession #-c.and left to decide upon all the evidence. For. the judge to decide absolutely that the legal title has passed, because an executory contract and twenty years possession appear, is erroneous.
*24 But, nevertheless, the circuit court erred in instructing the-jury that'this deed from Bridges to Conley, “ was sufficient to transfer the title of Hays to Conley.” It transferred no other title than that which Bridges held; and there is no proof that he had acquired the legal right, unless a conveyance from Hays to him should. be presumed. But such a presumption, should the facts authorize it, is not, in this case,-conclusive and incontrovertible, but, is, at the utmost, only of that class denominated “presumptions of law and of fací;” and which, therefore, may be repelled by facts to be weighed and considered by a jury. Occupancy for twenty years undér an executory agreement of purchase, in the absence of any other explanatory or inconsistent facts tending to a contrary conclusion, will, as an artificial deduction of law, create a presumption of a conveyance ; and a court may so inform a jury. But though such a technical effect be given to such a state of fact, nevertheless, the presumption is not of that kind denominated “ presumptions of law” merely ; such as the legal presumption of fraud, or the legal presumption (at common law,) of a consideration for every deed, and which could not be resisted, contradicted or explained; by extraneous facts. As the presumption ift *25 this case, is not legal only; and therefore inflexible, but is a presumption of both law and fact, and consequently may be rebutted by facts, the circuit court ought not to have given the peremptory instruction to the jury, but should, after telling them what the law of the case was, have left the deduction to them. The possession was not adverse as long as the agreement, under which it was taken, continued to be executory ; for though Bridges had conveyed to Conley, the latter could have held, in contemplation of law, only as the former had. If Bridges held as quasi tenant, his vendee held in the same way under the first vendor.
In consequence only of the two errors which have been noticed, the judgment must be reversed, and the cause remanded for a new trial.