Doe, on the Demise of Maguire, *v.* Smith.

A transcript of the record of a judgment is not admissible as evidence, unless
it have a *placita* and be legally authenticated.

After a town lot had been sold on execution, the execution-debtor brought an
ejectment for the lot against a person who claimed it under the purchaser at
the sheriff's sale. *Held*, that the propriety of the sheriff's conduct in selling
the whole instead of a part of the lot was a proper subject of inquiry; and
that evidence relative to the divisibility and value of the lot was in such case
admissible.

The plaintiff in such case, in order to impeach the defendant's title, may prove
that when the sheriff sold the lot, it was known to the purchaser and to the
defendant that the rents and profits had not been offered for sale.

Saturday,     ERROR to the Wayne Circuit Court.
January 7,
1837.        Blackford, J.—Ejectment for a half lot of ground in *Rich-
mond*. Verdict and judgment for the defendant. On the trial,
the plaintiff introduced the following agreement:—"It is ad-
mitted by the parties, that the plaintiff's lessor was the owner
of the premises, named in his declaration, in fee-simple, in the

spring of the year 1827, and held possession of the same, and still is the owner in fee-simple, and has the right to the possession thereof, unless the defendant can show a paramount title derived from or through him."

The defendant then offered to prove that a judgment, in favour of a third person, had been rendered against the plaintiff's lessor; that the judgment had been replevied; and that an execution had issued on the replevin-bond, which was returned satisfied. He further offered in evidence the sheriff's deed for the premises to the purchasers at the execution-sale, who had paid for the property 750 dollars, and also a deed to himself for the same property from one of those purchasers. All this evidence, offered by the defendant, was objected to, but the objection was overruled and the evidence admitted.

The plaintiff then offered to prove, that the premises in dispute were 48 feet in front and 132 feet in depth; that there were two houses on the same in front; and that either might have been sold without injury to the other, for a much larger sum than the amount of the execution; that the premises were worth at least 1,500 dollars; and that the rents and profits for six months would have paid off the execution. He offered further to prove, that the defendant and the purchasers at the sheriff's sale, were acquainted with the situation of the premises, and with their value; and that they all stood by and heard the sheriff sell the premises, and knew that he did not offer for sale the rents and profits for seven years, or for any other period; but that he sold the fee-simple in the first instance. This evidence, offered by the plaintiff, was objected to, and the objection sustained.

There are several errors in this record.

The paper offered by the defendant as evidence of the judgment against the plaintiff's lessor, is as follows: "*James Orr* v. *James Maguire*, on appeal. And now, at this day, to wit, on the 1st of *March*, 1827, here come the parties by their counsel, and by agreement this cause is submitted to the summary decision of the Court. Whereupon, the testimony being heard, and mature deliberation thereupon had, it is considered by the Court, that the plaintiff recover of the defendant the sum of 14 dollars and 60 cents in debt, together with his costs," &c. This transcript contains no *placita*, nor has it any authentication. The Court in which the judgment was render-

Nov. Term, 1836.

DOE
v.
SMITH.

ed is not shown. Without looking any further into this subject, we are satisfied that the objection to the admission of this paper as evidence of a judgment, should have been sustained.

That part of the evidence offered by the plaintiff, relative to the divisibility of the premises and to their value, was improperly rejected. Whether the sheriff, in selling the whole instead of a part of the half lot levied on, had exercised a sound, legal discretion, and had acted with good faith, or whether his conduct on the subject was a flagrant abuse of his power, and a fraud upon the execution-debtor, were legitimate questions, under all the circumstances of the case, for the consideration of the jury. The testimony we have referred to, was material in the investigation of those questions, and should therefore have been admitted.

The other part of the plaintiff's evidence, which was rejected, was also admissible. It has been said by this Court, that it may be safely presumed by a *bona fide* purchaser at a sheriff's sale, that the sheriff has done his duty in obeying the directions of the statute as respects the inquest, the advertisement of sale, &c. *Armstrong* v. *Jackson, Nov.* Term, 1822. We think, also, that such a purchaser has a right to presume, that the sheriff has done his duty as to the offering of the rents and profits for sale. But that is not the only subject of inquiry presented by this part of the cause. The evidence offered was not merely to prove that the rents and profits had not been offered for sale, but that the purchasers and the defendant all knew that fact, at the time of the sale. The offer to prove this additional circumstance, makes a very material difference. The evidence of that knowledge of the purchasers and of the defendant, ought to have been admitted. It tended to show, that the purchasers had combined with the sheriff to defraud the execution-debtor, and that neither they, nor the defendant, were *bona fide* purchasers.

It may be that the evidence to which we have adverted, which was offered by the plaintiff to impeach the sheriff's sale, will not prove to be sufficient for the purposes intended by it. The plaintiff's success in this suit, so far as this part of the cause is concerned, depends upon the question, whether the sale was fraudulent and consequently void? The determination of that question is for the jury. It may appear, before the evidence on both sides is closed, that the plaintiff's lessor was

present at and consented to the sale of the lot without its be- ing divided, and, also, that he consented to the sale without a previous offer for sale of the rents and profits.  It may appear, that he encouraged the purchasers to buy the property at the sheriff's sale, or that he advised the defendant to make his purchase.  It may also appear, that the lessor received the overplus of the purchase-money from the sheriff, and that he still retains it.  These are all matters, with many others that might be mentioned, which may possibly belong to the cause, and which, if proved, may have an influence on the verdict.

*Per Curiam.*—The judgment is reversed and the verdict set aside with costs.  Cause remanded, &c.

*J. Rariden* and *J. S. Newman*, for the plaintiff.
*J. Perry* and *M. M. Ray*, for the defendant,