Blackford, J.
Martin and others, for the use of the devisees of Thomas Jones, deceased, brought an action of debt against Pace and others. The suit is founded on a sealed note for $400, payable to the 'plaintiffs, commissioners, for the use of the devisees, &c., of Thomas Jones, deceased.
There are two special pleas in bar: the first it is unnecessary *106 to notice; the second is as follows: That Michael Conway and wife with others, claiming to be the heirs at law *and devisees of Thomas Jones, deceased, procured in an action for partition, an order of the Knox Circuit Court for the sale of a certain tract of land situate in Knox county, which' they claimed as such heirs and devisees; that at a sale by the plaintiffs as commissioners under the said order, one of the defendants purchased the land, and received from the commissioners a conveyance of all the title and interest of the said heirs, and the defendants gave the note now sued on for the purchase-money; that at the time of the sale the land was, and ever since has been, held and possessed adversely by one William Cox and others under him; that Cox claimed the land by virtue of a deed of conveyance made to him by the collector of said county, founded on a sale for taxes, &c.; and that, therefore, the consideration of the note was void. General demurrers to the pleas, and judgment for the defendants.
We think the second plea is a bar to the action. The persons who claimed the land as co-parccncrs, could have nothing more than a right of entry, 'the land being held at the time adversely by another; and it is a principle of the common law, that such a right is not assignable. Co. on Litt., 266; Jackson v. Demont, 9 Johns. R., 55. The doctrine stated in the case just cited, viz., that a feoffment upon maintenance or champerty is good as between the feoffor and feoffee, and only void»against him who has right, applies only to conveyances within the provisions of the statute of Richard the 2d. 1 Hawk. Pl. Cr., 263. It has no application to the case before us, and if it had, there would still be reason to doubt whether the demurrer to the plea could be sustained.
According to the current of the English cases, if a disseisee levy a fine to a strangei’, the disseisor shall retain the land forever. Buckler’s case, 2 Co. Rep., 54; 2 Preston on Abstracts, 206. In New York it is held, that if a pcrsoii out of possession convey land held adversely by another, the conveyance is void for maintenance, and the title to the land remains in the grantor. Williams v. Jackson, 5 Johns. R., 489.
A. Kinney and A. T. Filis'for the appellants.
S. Judah, for the appellees.
We entirely approve of the New York decision, that the conveyance, which is void on the ground of maintenance, *creates no forfeiture of the grantor’s title; but if it did, that circumstance would not weaken the defense under consideration. The authorities all concur that the grantee, in a case like the present, takes nothing by the deed.
The opinion now expressed, that the conveyance before us is absolutely void, is in accordance with a former judgment of. this Court. Fite v. Doe, d. Bingham, 1 Blackf., 127.
It is decided that if a person sell land, held at the time adversely by another, the sale is not a valid consideration for a promise to pay the purchase-money, the sale being a species of maintenance, and void on general principles of law and public policy. Whitaker v. Cone, 2 Johns. Cas., 58. It is also decided, that the sale and conveyance by commissioners of real estate, made by virtue of an order of Court in a suit for partition, can pass no title to the purchaser, if the land, at the time of the sale, was in the adverse possession of a third person. Jackson, d. Smith v. Vrooman, 13 Johns. R., 488.
It is clear from the authorities we have referred to, that the note on which the present suit is founded, was given without consideration, and that the demurrer to the second plea was correctly overruled.
Per Curiam.—The judgment is affirmed with costs.