# Wilkinson *vs* Wright, &c.

## ERROR TO THE JEFFERSON CIRCUIT.

### *Trusts. Femes covert. Wills. Appointment.*

JUDGE MARSHALL delivered the opinion of the Court.

As between these parties the title of the premises in question must be assumed to have been in Martha Forsythe, afterwards Martha Smith. Both parties claim under her, the lessors as her heirs, the defendants as *heirs* of her husband, Smith. By deed of trust made between herself and her intended husband, and the trustee, her title is acknowledged and is conveyed in contemplation of the marriage, to the trustee, for her exclusive use, free from the control and the debts of the intended husband, to exempt it from which, is the professed and only object of the deed. And one question is, whether upon the dissolution of the marriage by the death of the wife, or as the case may be stated, by the death of both parties, the

objects of the trust being fully accomplished, the legal title resulted, by operation of law, to her heirs, or remained with the trustee for their use. This question should, we think, be answered in the affirmative; *White* vs *Simpson*, (5 *East*, 170;) *Player* vs *Nichols*, (1 *Barn. & Cress.*, 336;) *Shelby* vs *Elder*, (4 *Barn. & Adolph.* 582.) There is nothing to show that the title was intended to remain in the trustee after the dissolution of the marriage, and at any rate after the death of the *feme*. But a contrary intention being fairly deducible from the expressed objects of the trust, the effect of the deed should not be extended further than the manifest object and intent of the parties will authorize. Its words admit but do not require such extension.

A second question is, whether the wife, having made a will which devises the premises to her husband, who survived her, and which was proved and admitted to record in the County Court, this devise presents any obstacle to a recovery by her heirs. The deed of trust reserves no power of disposition to the wife; and as a *feme covert* has no power under our statute of wills, to devise her lands, and can only make such devise in virtue of some power. conferred or reserved by deed, (*Clancey on Rights*, 282, *et seq.*; 6 *J. J. Marshall*, 573,) this will must be deemed ineffectual as a devise of the land now in question. And as the effect of the will in passing the estate therein mentioned, was not and could not be determined by the Court of Probate, (9 *Dana*, 491; 5 *B. Monroe*, 370; 2 *Dana*, 24,) the will, though recorded, constituted no obstacle to the recovery by the heirs, in whom the title vested on the death of Mrs. Smith.

Wherefore, the judgment is affirmed.

*Hewitt* for plaintiff: *Pirtle and Fry & Page* for defendants.

In this case the wife, during the coverture, had no power to devise the estate, none being reserved by the deed of trust.