GALBREATH *v.* DOE, on the Demise of ZOOK and Others.

The overruling of an objection to evidence is not assignable for error, unless the record show the ground of the objection, and that the same had been pointed out to the Court below.

The insufficiency of the evidence to sustain a verdict cannot be assigned for error, unless it appear by the record that a new trial was moved for in the Court below.

The defendant in ejectment can defeat the suit by proving the title to the premises to be in a stranger.

A conveyance of real estate in the adverse possession of a third person is void.

A. conveyed a tract of land to B. by a deed without covenants, which land was, at the time of the conveyance, in the adverse possession of C. The possession of the land was afterwards recovered by B. in an action of ejectment against the heirs of C. In a subsequent action of ejectment by the lessee of those heirs against B. for the premises, the defendant offered in evidence A.'s deposition, which was objected to on the ground that the deponent was interested. *Held*, that the objection was untenable.

APPEAL from the *Wayne* Circuit Court.

PERKINS, J.—Ejectment. Verdict and judgment for the plaintiff.

The appellant complains that objectionable evidence, to which he excepted, was given, with the permission of the Court, by his adversary to the jury, on the trial of the cause below. On looking through the record, we find the evidence of the appellee, the plaintiff below,—some of it oral, some of it documentary,—embodied in thirteen closely written pages, and at its close the general statement, that, to the whole and every part thereof, the defendant objected and excepted. According to the decision of this Court at its last term in *Russell et al.* v. *Branham et al.*, following the decision of the Supreme Court of the *United States* in *Camden* v. *Doremus et al.*, 3 Howard, U. S. 515, objections to evidence of so general a character will not be noticed.

Another objection taken by the appellant is, that the evidence was insufficient to authorize the verdict; but as no motion for a new trial was interposed, that question is not

brought before this Court. 5 Blackf. 146.—4 Howard, U. S. 298.

On the trial below, the defendant offered in evidence the deposition of *John Lail*, senior, of the state of *Kentucky*. It was objected to on the ground of interest in the deponent and excluded by the Court. The ruling upon this deposition raises the only remaining question we shall find it necessary to examine.

This deponent, *John Lail*, senior, entered the lands in controversy at the land office in *Brookville* in 1822, in the name of "*John Lail*," without the addition of either senior or junior. He never took actual possession of the premises. The patents were issued in 1823, corresponding with the entries, and were received by *John Lail*, junior, who, in the same year, took possession of the lands claiming title, and continued in their occupancy until 1828, when he sold and conveyed them to *Samuel Zook*, whose heirs were the lessors of the plaintiff. In 1834, and while *Zook* was in the actual possession of the lands under his deed from *Lail*, junior, *Lail*, senior, made, in *Kentucky*, a deed without covenants of these same lands to *Benjamin Galbreath*, the defendant below. He did not put *Galbreath* into possession; but in the fall of 1839, *Samuel Zook* having previously died leaving infant heirs, *Galbreath* prosecuted, on his own demise, an action of ejectment against them, and obtained possession of the lands, which he retained till the institution against him of the present suit, in 1843, by the same heirs for the purpose of repossessing themselves of the premises in dispute.

To defeat this suit thus instituted against him, *Galbreath* offered in evidence the deposition of said *Lail*, senior, to prove that in his entry of the lands at *Brookville* in the name of "*John Lail*," he intended himself, *John Lail*, senior, and not his son, *John Lail*, junior, thus proving title in him, *Lail*, senior, and consequently out of the lessors of the plaintiff (1). The counsel for the lessors objected, and as a foundation for his objection assumed the position that *Lail*, senior, occupied the place of landlord to *Galbreath*, and was therefore interested in maintaining his possession. Were this position true in point of fact, the law resulting would be as contended for by the counsel assuming it. But is the posi-

May Term, 1847.

tion true in fact? *Lail* senior's deed to *Galbreath* was executed in a neighbouring state, while the lands described in it were in the adverse possession of *Zook*. That deed, therefore, was absolutely void, conveying no title and giving no constructive possession. *Martin et al.* v. *Pace et al.* 6 Blackf. 99. It created no relation whatever between the grantor and grantee named therein, nor did *Lail*, senior, as the facts show, put *Galbreath* into actual possession under the deed or otherwise. The adverse possession of *Zook* put it out of his power to do so. *Galbreath*, then, was not in possession under *Lail*, senior, and we are unable to discover any legal interest that the latter had in maintaining the possession of the former. The result of this suit will not determine *Lail* senior's title; give him or any one under him possession; nor can he use the record in the case to his advantage in any subsequent action, nor can it be used against him.

We think *Lail*, senior, was a competent witness, and that the Court erred in excluding his evidence.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. S. Newman*, for the appellant.

*J. Rariden*, for the appellee.

(1) The defendant in ejectment may defeat the suit by proving the title to the premises to be in a stranger. See the authorities cited in note 3 to *Doe d. Wood* v. *West*, 1 Blackf. 136.—2 Greenl. Ev. § 331.