Per Curiam.

— “The principal question in the case relates to the sheriff’s sale, and we think it cannot be sustained. The sheriff should have offered the land in separate parcels. R. S. p. 749, § 413. Heed v. Carter, 3 Blackf. 376. He was not bound to sell on the day and under the circumstances he did sell, but might have adjourned the sale, or returned no sale for want of bidders as the case required. It was his duty to exercise a sound discretion, and he should not have struck off so much valuable property upon the bid of a merely nominal sum. 1 Arch. Pr. 289; Gwynn on Sheriffs, 302; Tinkorn v. Purdy, 5 Johns. 345; McDonald v. Neilson, 2 Cow. 139; Doe v. Smith, 4 Blackf. 228; Givan v. Doe, 5 id. 260; Kiser v. Ruddick, 8 id. 382.
“ The objection to the sale may be made in the action of ejectment. Givan v. Doe, and Doe v. Smith, supra.
“ Upon the whole case we think the sale invalid.”
Judgment reversed, &e.