MICHAEL *v.* DOE on the Demise of NUTTING.

Nov. Term,
1849.

MICHAEL
v.
DOE.

A conveyance made by a person out of possession of land, held adversely by a third person, is void for champerty.

ERROR to the *Fayette* Circuit Court.

SMITH, J.—Ejectment, for lot No. 75 in the town of *Connersville.* The lessor of the plaintiff below recovered and had judgment. The question before us is whether such judgment was warranted by the evidence.

One *Harlan* conveyed the premises to. *John Davis,* under whom both parties claimed.

The title of the lessor of the plaintiff below was derived as follows:

On the 4th of *August,* 1820, *John Davis* conveyed to *Jonathan Davis.* On the 30th of *March,* 1840, *Jonathan Davis* quit-claimed to *James D. Eads* and *Abram Lyons.* These last named persons quit-claimed to *Joseph D. Eads,* by deeds, that of *James D. Eads* being dated *May* 16th, 1840, and that of *Lyons, December* 10th, 1840. On the 2d of *July,* 1846, *Joseph D. Eads* gave a quit-claim deed for the premises to *Nutting.*

An action of ejectment was commenced in *September,* 1840, by *Doe* on the Demise of *James D. Eads, Abram Lyons,* and *Jonathan Davis.* The declaration was served on one *John Cope,* the tenant in possession, and in *April,* 1841, judgment was rendered, by default, against the casual ejector.

*Joseph D. Eads* had possession of the premises in 1843, and rented them to one *Davis,* who continued in possession until the spring of 1846. When *Davis* was moving out, the agent of *Eads* was about to rent the premises to another person, but, when *Davis* got out, *Reed's* heirs took possession and locked the doors, so that the tenant of *Eads* could not get in.

On the part of *Michael,* the defendant below, the following facts were proved:

On the 18th of *October,* 1820, *Yandes* and *Youse* reco-

*Wednesday,
November* 28.

vered a judgment against *John Davis* for 115 dollars and costs. A *fi. fa.* was issued on the 6th of *May*, 1822, which was returned on the 1st of *June*, 1822, with an indorsement, stating that the sheriff had made 12 dollars and 6 cents by the sale of the premises in controversy. The sheriff made a deed for said property, pursuant to said sale, to *Andrew W. Reed*, which deed was dated *July* 19th, 1822, and was acknowledged and recorded on the 28th of *June*, 1830. *Andrew W. Reed* conveyed to one *McClary*, he to one *Morrison*, and the latter, on the 17th of *November*, 1830, to *Archibald Reed*.

The premises were in the possession of an agent of the heirs of *Archibald Reed* in 1837, which agent rented them to different persons up to the 2d of *February*, 1841. On the 5th of *June*, 1846, the same agent had possession again, and on that day rented them to *Michael*, who was still in possession under the heirs of *Archibald Reed*, as their tenant.

After the death of *Archibald Reed*, and some fifteen years before the trial in the Circuit Court, his heirs built a house on the premises for the use of his widow, in which house the latter lived until her death, after which the house remained in possession of said heirs until they were turned out of possession on the 26th of *May*, 1841, by a writ of *habere facias possessionem*.

The plaintiff in error contends that *Nutting* had no right to recover, because the deeds under which he claims, namely, that from *Jonathan Davis* to *Eads* and *Lyons*, and those from the last named persons to *Joseph D. Eads*, all of which were made in the year 1840, as well as that of *Joseph D. Eads*, to the plaintiff below, dated in *July*, 1846, were all made while the premises were in the adverse possession of *Reed's* heirs, and, consequently, were void. To this it is answered, that at the time of the date of the deed last mentioned, *Reed's* heirs were in possession as mere trespassers, having got possession forcibly when the tenant of *Eads* was about moving away. But this answer is not sufficient. It does not dispose of the objec-

tion to the prior deeds, carrying the title down from *Jonathan Davis* to *Nutting's* grantor, which are necessary links in his chain of title.

Nov. Term, 1849.

MICHAEL v. DOE.

The proof is clear, that at the time of the execution of all these conveyances, and for several years before, the lot in controversy was in the possession of *Reed's* heirs, under an uninterrupted chain of paper title, adverse to that under which *Nutting* claims. Such being the fact, on principles already settled by this Court, these deeds must be held void. *Martin* v. *Pace*, 6 Blackf. 99.—*Galbreath* v. *Doe*, 8 id. 366. The deed from *Jonathan Davis* to *Eads* and *Lyons*, which is the starting point of *Nutting's* chain, being thus void, it is immaterial, for the purposes of this suit, whether the legal title remains outstanding in *Jonathan Davis*, or whether it was divested by the sale under the judgment and execution against *John Davis*. There can be no doubt that there was sufficient color of title transmitted down by these proceedings and the subsequent deeds founded upon them, upon which to sustain a claim of adverse possession.

If the sale under the judgment against *John Davis*, did vest a valid title in the grantors of *Archibald Reed*, it is still in the heirs of the latter, and if it did not, then, so far as appears by the evidence adduced in this suit, the title of *Jonathan Davis*, which was not divested by his void deed to *Eads* and *Lyons*, still remains in him; and in either case, as a plaintiff in ejectment must rely upon the strength of his own title, we must come to the conclusion that the evidence does not sustain the judgment rendered in this case.

We cannot perceive in what manner the ejectment suit, commenced in 1841, on the joint demise of *James D. Eads*, *Abram Lyons*, and *Jonathan Davis*, can have any effect to avert this conclusion. Certainly, the plaintiff in error in this suit, is not estopped by any of the proceedings in that case from denying the sufficiency of the deeds of *Eads* and *Lyons*, now exhibited, to convey a valid title to *Nutting*.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. S. Newman*, for the plaintiff.

*J. Ryman*, for the defendant.