SHERRY
v.
NICK OF THE WOODS.

SHERRY *v.* NICK OF THE WOODS, on the Demise of LOCKWOOD.

A sheriff sold a tract of land worth 20,000 dollars, which was susceptible of division, on execution, for 75 dollars. There were but four persons present at the sale. *Held*, that the sheriff should have offered the land in separate parcels; and that it was his duty to exercise a sound discretion and not to strike off the property for a merely nominal sum.

Objections to a sheriff's sale may be made in an action of ejectment.

ERROR to the *Carroll* Circuit Court.

*Thursday, January 3, 1850.*

PERKINS, J.—Ejectment for 1,280 acres of land situate in *Tippecanoe* county, by *Nick of the Woods* on the demise of *Rufus A. Lockwood*. The cause was taken, by change of venue, from the *Tippecanoe* to the *Carroll* Circuit Court. The usual consent rule and plea of the general issue were filed by *Terese Sherry*, who was admitted to defend. The cause was submitted to a jury and there were verdict and judgment for the plaintiff. A new trial was denied. The evidence is upon the record, and is as follows: A deed for the land in dispute, dated in *December*, 1836, from *James Barnett* and wife to *John Sherry*, with proof of *Sherry's* subsequent possession under it; a judgment for about 1,000 dollars recovered against the said *John Sherry* in the *Tippecanoe* Circuit Court, at

the *February* term thereof, 1840; an execution on said judgment; a sale of the lands in question by the sheriff to *Lockwood*, by virtue of it; and a deed pursuant to the sale. The execution was issued at the instance of *Lockwood*, *November* 29th, 1845. The entire tract— 1,280 acres—was offered and sold together, on the 3d of *January*, 1846, for 75 dollars. The tract was worth 20,-000 dollars. There were four persons present at the sale, and the deputy sheriff who made it, asked *Lockwood*, the attorney for the plaintiff, and the purchaser, how he should sell, whether both sections at once, or separately, and he replied that he did not care; "it was a cold day and they had no fire, so the deputy sheriff thought it best to sell the whole together to get through as soon as possible," but he did not so sell with the design of defrauding anybody. "*Lockwood*, the lessor of the plaintiff, admitted in person that the lands in question were susceptible of division at the time of the sale so as to make three good farms, either one of which would be worth more than the amount of the judgment upon which he purchased, which admission was made by *Lockwood* as evidence to the jury on the trial."

A bill in chancery, filed and sworn to by *Lockwood*, as attorney for the *State Bank of Indiana*, in *September*, 1845, which bill recited that the bank recovered a judgment in an action of ejectment for the premises, against *Hugh Sherry*, in 1844, and the object of which bill was to procure the appointment of a receiver of the rents and profits of the lands till possession could be obtained pursuant to the recovery in ejectment, the defendant in the ejectment having deceased after the judgment but before the issue of a writ of *habe. fac. pos.* upon it. A receiver was appointed in *November*, 1845, and was still acting at the time of the sale involved in this suit. The demise in said action of ejectment by the bank was for seven years from the first day of *September*, 1841. Nothing else appeared indicating the nature of the title claimed by the bank, nor how, or when it originated. There was no evidence showing that the land was incumbered at the date

of the judgment upon which the sale was made to *Lock-wood*.

Such is the case.

Objection was made upon the trial to the admission of the plaintiff's documentary evidence, but as the ground of the objection was not stated, the Court did right in overruling it. *Galbraith* v. *Doe*, 8 Blackf. 366.

The principal question in the case relates to the validity of the sheriff's sale, and we think it cannot be sustained.

The sheriff should have offered this land in separate parcels. R. S. p. 749, s. 413.—*Reed* v. *Carter*, 3 Blackf. 376.

He was not bound to sell on the day and under the circumstances he did, but might have adjourned the sale, or returned no sale for want of bidders, as the case might have justified. It was his duty to have exercised a sound discretion, and should not, at that sale, have struck off so valuable a property upon the bid of a mere nominal sum. 1 Arch. Pr. 289.—See Gwynne on Sheriffs, 302.—*Tinkom* v. *Purdy*, 5 Johns. R. 345.—*McDonald* v. *Neilson*, 2 Cow. 139.—*Doe* v. *Smith*, 4 Blackf. 228.—*Givan* v. *Doe*, 5 id. 260.—*Kiser* v. *Ruddick*, 8 id. 382.

The objection to the sale may be made in the action of ejectment. *Givan* v. *Doe*, and *Doe* v. *Smith*, *supra*.

Upon the whole case, we think the sale invalid, at least as to *Lockwood*.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*R. C. Gregory* and *S. A. Huff*, for the plaintiff.

*R. A. Lockwood*, for the defendant.