## PHELPS v. TILTON.

Motion for a new trial, for the following causes, viz., "1. Irregularity in the proceedings of the Court. 2. Error of law occurring at the trial, and excepted to by the defendant."

*Held*, that the causes assigned were too general to present any point for the consideration of the Supreme Court.

A transcript of a judgment containing no *placita*, showing the style and term of the Court in which, and the place where, the judgment was rendered, will not support an action.

The certificate of the judge, required by § 286, 2 R. S., p. 93, to be attached to the transcript of a foreign judgment, to authorize the admission of such transcript in evidence, must show that the person so certifying was judge of the Court in which the judgment was rendered.

APPEAL from the *Elkhart* Common Pleas.

DAVISON, J.—*Tilton*, who was the plaintiff, brought an

Nov. Term, action against *Phelps*, alleging in his complaint that the
1861.   defendant was indebted to him $300, in this: that on *August*
Phelps   30, 1848, the plaintiff, by the determination of the Supreme
v.   Court of the State of *New York*, in the county of *Livingston*,
Tilton.   recovered a judgment against the defendant for $174, with
costs taxed at $8, as by the records of said Supreme Court
will fully appear; which judgment remains unpaid, and has
never been reversed. A transcript of the judgment sued
on was filed with the complaint, and is, with its authentica-
tion, thus set forth in the record:

"Henry Tilton }
      v.        } Supreme Court, *Livingston* county.
Lewis Phelps, }

"*Henry Tilton* complains of *Lewis Phelps*, that on *No-
vember* 12, 1845, by his promissory note, for value received,
he promised to pay the plaintiff $145, and that he has not paid
the same, whereupon the plaintiff demands judgment against
the defendant for $145, with interest, &c.

(Signed)   "W. M. Alder,
                        *Plaintiff's Attorney.*"

"Livingston County, ss.

"*Erastus C. Dewey*, being duly sworn, says that he did,
on *August* 7, 1848, serve on the within named defendant the
within summons, and a copy of the within named complaint.

(Signed)   "E. C. Dewey."

"Sworn before me, *August* 15, 1848.

"Wm. M. Alder, *Justice.*"

"Henry Tilton }
      v.        } Supreme Court, *August* 30, 1848.
Lewis Phelps, }

"The summons, with a copy of the complaint, having
been served on *Lewis Phelps*, the defendant, on *August*
7, 1848, and no copy of an answer to the complaint having
been served on the plaintiff's attorney, as required by
the summons, now, on motion of *William M. Alder*, attor-
ney for the plaintiff, it is here adjudged that the plaintiff
recover of *Lewis Phelps* $174, with costs, $8, making, in the
whole, $182, &c.          "William H. Wheatly,
                        *Clerk of Livingston county.*"

"STATE OF NEW YORK,

COUNTY OF LIVINGSTON, CLERK'S OFFICE, ss.

"I hereby certify that I have compared the foregoing with the original judgment roll on file in this office, and that the same is a true copy thereof, and of the whole of said original.

"In testimony whereof, I have hereunto set my hand and the seal of said county, this 10th day of *August*, 1857.

(Signed) "CHARLES ROOT, *Clerk*."

"I, *Thomas A. Johnson*, presiding judge of the Supreme Court of the State of *New York*, in the seventh judicial district, do certify that the foregoing attestation and certificate of *Charles Root* is in due form of law, and that the said *Charles Root* is the clerk of said court, and is the proper person to make such attestation and certificate.

(Signed) "THOMAS A. JOHNSON."

The defendant demurred to the complaint; but the demurrer was overruled, and he excepted. And thereupon he answered: 1. By a general traverse. 2. Payment. Reply in denial of the second paragraph. The issues were submitted to the Court, who found for the plaintiff, and, having refused a new trial, rendered judgment, &c. The causes for a new trial are thus assigned: 1. Irregularity in the proceedings of the Court. 2. The finding of the Court is unsustained by the evidence and is contrary to law. 3. Errors of law occurring at the trial, and excepted to by the defendant.

It may be noted that the first and third assignments are too general, and for that reason present no point for consideration. *Snodgrass et al.* v. *Hunt*, 15 Ind. 274. And this being the case, the ruling upon the demurrer, and the refusal to grant a new trial on the ground that the evidence was insufficient, present the only questions arising in the record. The complaint is alleged to be defective on two grounds: 1. Because the transcript upon which it is founded has no *placita*. 2. The transcript itself is not properly authenticated. The office of the *placita* is to indicate the style and term of the court in which, and the place where, the judgment was rendered. Burrell's Law Dic. 800. This exposition being correct, the transcript evidently contains no regular *placita*, and the result is, it contains no sufficient basis

Nov. Term, 1861.

PHELPS
v.
TILTON.

on which to found an action. *Doe* v. *Smith*, 4 Blackf. 228. True, its language may allow the inference that the judgment was rendered in a "Supreme Court held in *Livingston* county, on *August* 30, 1858;" but that is insufficient, because it fails to name the State or territory in which the county of *Livingston* is situated. It follows, that "the place where" the recovery was had is not sufficiently shown by the transcript.

The defect said to be in the authentication is, that *Thomas A. Johnson*, who, in his certificate, alleges that he is the "presiding judge of the Supreme Court of the State of *New York*, in the seventh judicial district," fails to certify that *Livingston* county, the place where the judgment was rendered, was within that "judicial district." We have a statute which says: "The records and judicial proceedings of the several courts of record of or within the *United States*, or the territories thereof, shall be admitted in the courts within this State, as evidence, by attestation or certificate of the clerk, and seal of the court annexed, together with the certificate of the chief justice, or one or more of the judges, or presiding magistrate, of *such court*, that the person who signed the attestation or certificate was, at the time of subscribing it, the clerk of the court, and that the attestation is in due form, &c." 2 R. S., § 286, p. 93. Thus it will be seen, that the chief justice, judge or presiding magistrate who certifies to the attestation of the clerk, must be of the same court in which the judicial proceeding to be admitted as evidence is of record. But for aught that appears in the certificate before us, the judge who makes it may not be chief justice of the court from which the transcript in this instance was issued. The demurrer, it seems to us, was well taken. And as the transcript, so authenticated, was the only evidence given in the cause, the judgment of the Common Pleas Court must be reversed.

*Per Curiam.* — The judgment is reversed, with costs. Cause remanded, &c.

*Harris* and *Baker*, for the appellant.