Snyder *v.* Snyder.

———————◆———————

## SNYDER *v.* SNYDER.

| 25 | 399 |
| 142 | 64 |

TRANSCRIPT OF JUDGMENT.—SUIT ON.—In a suit upon a judgment, it is not necessary that the copy of the judgment filed with the complaint should contain either a *placita* or an authentication.

SAME.—Suit upon a judgment rendered by a justice of the peace in the State of Ohio.   The transcript contained the following return to the summons, viz: "Served by leaving a copy at place of residence, with A. B."

*Held,* that the service was insufficient at common law.

*Held,* also, that the complaint was bad on demurrer, for want of an averment that the justice had jurisdiction of the subject matter, and that the service was sufficient by the law of Ohio, or the equivalent averment, made sufficient by our statute, "that the judgment was duly given or made."

PLEADING.—A party may, under the code, state his cause of action in different forms in the several paragraphs of his complaint, and cannot be required to elect between them on affidavit of their identity.

APPEAL from the *Elkhart* Common Pleas.

FRAZER, C. J.—The complaint in this case contained two paragraphs.   The first was upon what purported to be a

judgment rendered by a justice of the peace, alleged to be of *Summit* county, in the State of *Ohio*. There was no allegation of the jurisdiction of the justice, nor any equivalent averment, and the transcript of the judgment filed with the paragraph had no *placita*, and nothing showing where it was rendered, and no authentication. The second paragraph was upon a promissory note of precisely the same description as the one upon which the judgment purported to have been rendered.

The overruling of a demurrer to the first paragraph of the complaint is assigned for error. The objections urged to the paragraph are: 1. That the copy of the transcript filed was not authenticated by any certificate. 2. That it had no *placita*. 3. That no sufficient service of summons is shown by the transcript to have been made on the defendant. 4. That it does not appear that the justice had jurisdiction of the subject matter. Of these in their order.

1. We know of no reason why the authentication of a transcript of a judgment sued on should be filed with the complaint, and we have no statute requiring it. In *Phelps* v. *Tilton*, 17 Ind. 423, this precise question was made, but not, as we think, decided. We think that there is nothing in the objection.

2. As to the *placita*, in *Phelps* v. *Tilton*, *supra*, this objection was held to be good on demurrer, on the authority of *Doe* v. *Smith*, 4 Blackf. 228. But in *Doe* v. *Smith* the question was one of evidence and not of pleading, and that case is not, therefore, an authority upon the point under examination. This suit was upon a judgment, and the most that the statute requires is that a copy of the judgment shall be filed with the complaint. This does not necessarily mean the whole record of the cause in which the judgment was rendered. *Rathbone* v. *Rathbone*, 10 Pick. 1. The *placita* may be necessary to a complete record of the cause; it may be required to whatever transcript of a judgment shall be offered in evidence in order to secure its admission, but it is impossible to conceive of a good reason why either

it or certificates of authentication shall be filed with the complaint, where there is an express averment of the same facts which the *placita* would show. To hold that a copy of the entire record must be filed, embracing often a voluminous mass of matter utterly useless in the case, and not even admissible[1] in evidence, (2 Dana 21; 9 Foster N. H., 471,) making in some cases the costs of the transcript vastly exceed the sum in controversy, would be too absurd to be tolerated. The statute requires no such practice, in our opinion. It would be a positive impediment to justice, and such a reproach to the present system of procedure as could not be alleged against that which formerly prevailed, notwithstanding the technical absurdities which had grown upon it and rendered it more obnoxious than it deserved. This ruling is not in conflict with *Williamson* v. *Foreman*, 23 Ind. 540.

3d and 4th. As to the service and jurisdiction of the subject matter. The transcript shows the following return to a summons: "Received on the 21st day of *June* and served on the 21st, by leaving a copy at place of residence with *Daniel Snyder*. *Samuel B. Wise*, constable." This was not sufficient service, at common law, to give jurisdiction of the person. At common law a justice of the peace had no civil jurisdiction. It is not averred in the complaint that, by the laws of *Ohio*, he had such jurisdiction, or that such service of process was sufficient, nor does the complaint contain the allegation, made equivalent thereto by the statute, "that the judgment or decision was duly given or made." 2 G. & H., § 83, p. 107. The demurrer to the paragraph should have been sustained. *Crake* v. *Crake*, 18 Ind. 156. Motions to strike out the second paragraph of the complaint, and to compel the plaintiff to elect upon which paragraph he would go to trial, were overruled. These motions were supported by an affidavit showing that the note claimed to have been reduced to judgment, and the one counted upon in the second paragraph was the same note. The ends of justice require that a party should.

be permitted to state his case in various forms, so as to correspond with the proof, and thus secure his rights, without being compelled to resort to a second suit. So, inconsistent causes of action should be allowed to be joined, as well as inconsistent defenses. *McMasters* v. *Cohen,* 5 Ind. 174. In those States where the unwise requirement exists compelling parties to swear to the truth of the claim or defense, there is a reason for the proceeding sought to be enforced by the defendant below, but there is none here. The transcript offered in evidence was properly admitted. The certificates by which it was authenticated supply the formal *placita* required in the transcript of a record of a court of general jurisdiction. Proof of the justice's jurisdiction might properly follow the admission of the transcript, and need not precede it.

There was a motion to suppress a deposition, upon the ground that it did not appear that notice of the taking thereof had been served on the defendant. An affidavit showing proper service was thereupon indorsed upon the notice accompanying the deposition, sworn to before a notary, one *O. H. Main,* a person of the same name being one of the plaintiff's attorneys of record. The motion to suppress was thereupon overruled. There was no hurt to the defendant in writing the affidavit of service upon the notice. If we presume, from the identity of name, that the notary was the attorney, still we could not reverse the case on that ground. The statute does not permit us to be so technical. 2 G. & H., § 101, p. 122.

The judgment is reversed, with costs, and the cause remanded, with directions to set aside all proceedings subsequent to the demurrer to the first paragraph of the substituted complaint, and to sustain that demurrer, and to proceed with the cause.

*Woods* and *Arnold,* for appellant.

*Main* and *Clark,* for appellee.