*Craddock & Roberts, for appellants.*

*J. W. Green, for appellees.*

---

Duboy & Bros. *v.* Daniel F. Roberts.
Young's Adm'r *v.* Daniel F. Roberts.

**Judgment—Validity of Process.**

In an action in Kentucky on judgments rendered in the state of Pennsylvania. where there is no evidence showing the manner of service of process required by the law of Pennsylvania, the court must adjudge that the judgments sued on are void, the service not being sufficient under the law of Kentucky.

**Process—Return of Summons—Judgment.**

The return of a sheriff indorsed on the summons implies that he has done his duty, and is sufficient to authorize a judgment.

**Judgment—Validity—Execution of Summons—Return.**

In an action in Kentucky on judgments rendered in Pennsylvania, the court will not hold a judgment invalid because of the sheriff's failure to state how he executed the summons.

APPEAL FROM ——— COURT.

March 21, 1873.

Opinion by Judge Pryor:

In all the actions (three in number) instituted by Duboy & Bros. against the appellee, the latter filed his plea of nul tiel record and also a special plea denying the jurisdiction of the court to render a personal judgment against him, as there was no service of process. Upon the hearing of the cause the statute of Pennsylvania was read authorizing a judgment in personam after the actual service of the summons, or if the defendant can not be conveniently found, by leaving a copy with an adult mem-

ber of his family. In the action (No. 8198) the court below rendered a judgment against the appellee, as the record in the proceedings in Pennsylvania where the judgment was rendered, shows in that case an actual service of the summons.

In the actions, Nos. 8196 and 8197, a judgment was rendered against the appellant, from which this appeal is prosecuted.

By the law of Pennsylvania, where the judgments were rendered, no declaration is necessary to be filed in order to obtain a summons against the party to appear and answer. The account or claim is filed upon which the judgment is sought, and a summons issued against the party charged, and upon the failure of the party to file what is termed an affidavit of defense within the time prescribed by law, a judgment is rendered upon motion only. In these cases the claims seem to have been filed and constitute a part of the Pennsylvania record. Summons were issued and executed.by leaving a copy with an adult member of defendant's family. No affidavit of defense appearing, and a judgment for the plaintiff. In the absence of any testimony showing the manner of service, by the law of Pennsylvania this court must adjudge that the judgment was void, as the law of this state, which would then constitute the only guide, does not authorize a personal judgment on such service. The law of Pennsylvania, however, does, as the statute read upon the hearing shows, and also the testimony of an experienced lawyer practicing in that state at the time. In the case of *Rope v. Heaton* there was no service of the summons, as the sheriff failed to state that he had left it, or a copy, with the family of each of the defendants, and also failed to state that he had left it with an adult member of either family.

If the appellee in this case had appeared in the Pennsylvania court and moved to quash the return of the sheriff, the court would have refused to entertain the motion, as the return shows that a copy was left with an adult member of the defendant's family. He. might have required the sheriff to amend his return in order to show that the person with whom it was left was not at the age of discretion, but the return as made was such a service as is authorized by the law of Pennsylvania.

The court holds that where the return of the sheriff is endorsed on a summons executed, such a return implies that

he has done his duty, and is sufficient to authorize a judgment. Now a court in a sister state would hardly hold the judgment invalid because the sheriff failed to state how he executed the writ.

In the present case the return follows the Pennsylvania statute and must be held to be a sufficient service of the summons.

The case of *Rope v. Heaton,* of Missouri, fully sustains this view of the case. In the case of *Snyder v. Snyder,* 25 Ind. 399, it was held that the return of the service on the summons, "by leaving a copy at defendant's residence," was not service at common law, and the declaration after the judgment was held bad on demurrer because it was nowhere alleged that the service was sufficient and such as the law of Ohio authorized. With such an allegation in the declaration and proof of the statute sustaining it, there could have been no question in regard to it. It is entirely competent for the legislature to say by an enactment that a service by leaving a copy at the residence of the defendant with an adult member of his family should authorize a personal judgment. We have, in fact, a statute of this state, and upon which this court has frequently acted, where judgment after judgment in personam has been rendered without any petition, declaration or summons.

In proceeding against the sheriff and his sureties, judgment may be rendered upon a statement filed by the auditor of the amount due by the officer. Leaving a copy at the defendant's residence will authorize a personal judgment, if this mode of notice is permited by statute. The court, therefore, erred in dismissing appellant's claims 8196 and 8197. The allegation that the defendant was at the time a resident of the state was sufficient, and subjected him to the law of the place of his residence with reference to such a proceeding as this. The judgments, therefore, in actions 8196 and 8197, are both reversed and cause remanded with directions to allow the appellant a new trial, and for further proceedings consistent herewith. The clerk will not be allowed any costs for copying record, as there is no index.

The case of Young's Admr. v. same party (Robert's appellee), presents a different question. In this case there was no declaration filed, no summons issued, no process served, either actual or or by attorney, and still a judgment was rendered for three

thousand dollars, when the party was only indebted in one-half that amount. The form of the judgment in this state doubtless would have been for the three thousand dollars to be discharged by the payment of the fifteen hundred dollars and costs. The warrant of attorney, if properly executed and acted upon, would 1ave authorized a confession of the judgment. This warrant of attorney is in blank and, although annexed with the judgment, it does not appear that there ever was any confession of the judgment by the attorney or any other member of the court.

Nor does it appear that the law of Pennsylvania authorizes a judgment to be rendered in manner and form as in this case upon the execution or by virtue of such a power of attorney. In order to have authorized the judgment there must have been either a service of process as required by law, or an appearance of the party in person, or by an attorney authorized to confess the judgment.

In the case of *Ken Brown & Co. v. Adam Condy,* manuscript opinion, delivered at the present term of this court, a question was made on demurrer analogous in many respects to the case just considered. The authorities referred to as well as the principles therein announced sustain the views taken of the questions here presented.

The judgment in the case of *Young's Admr. v. Roberts* is therefore *affirmed.*

*Elliott, for appellants.*

*Mix, Muir & Bijou, for appellee.*