M’Girk, C. J.,
delivered the opinion of the Court.
An action of debt was brought by Blair against Caldwell and Alexander. The plaintiff had judgment.
The action was founded on a record from- the State of Kentucky. The first plea was uml tiel record j the second was payment j, the third was accord and satisfaction. On the trial, the defendants, by counsel, objected to the authentication of the record, the Court overruled the objection. The certificate of the Judge to the record was thus: "I certify that the certificate of the clerk is in due form of law.” The act of Congress on the subject of authenticating records from one State to another, says, the Judge shall certify that the attestation is in due form. The objection here is, that the Judge in Kentucky has used the words “ certificate of the Clerk,” instead of the words “the attestation of the Clerk,” and has superadded the words “of law” It is argued that attestation and certificate are not the same thing. It is insisted by Mr. Hunt, that attestation of a record means 'that the Clerk has affirmed that the record is true, and includes that the signature of the Clerk as well as the judicial seal of the Court, and that a certificate does not necessarily include the seal.
We are of opinion there is no force in this- objection, as. to the words “ of law,” being added to the Judge’s certificate j we are of opinion that amounts to nothing more than what is implied without those words being written or added, and cannot do any injury.
The record shows that after judgment was obtained in Kentucky, the plaintiff had an execution on the judgment. That a levy was made.on property, and that the Sheriff returned the property to the defendant, on his giving a bond with security to pay the debt at the end of three months. It was insisted by counsel for defendants, that on the issue of md tiel record, the plaintiff must show a good j udgment, which must appear to be unsatisfied, or at least it must not appear to be satisfied. We are of opinion that if it appear from the record produced that there has been satisfaction! thereof, that the record is not such a one as.the plaintiff has declared upon.
*250 The authority produced shows satisfactorily, that- when there has been a levy on. the defendant’s property, or when a bond has been taken by the Sheriff, the judgment is satisfied, though the Sheriff should never sell the property; in such case the party must look to the Sheriff. See 12 John. 207; 1 Sal. 323; 2 Tid. 936; 2 Ba. 720. We are of opinion that the record ought to have been re0jected; but inasmuch as the return of the Sheriff shows that a bond was taken, and no sale made, by the same law or pretended law of Kentucky, and now we cannot see what that law was;- the cause will be remanded.
There was another objection taken by the defendant.. In the record there was a copy of a bill in chancery. On the part of defendants against the plaintiffs, the defendants insisted that this bill being in the transcript, entitled them to read it. The Court refused the evidence, and rightly we conceive, because this bill was evidence made by the party who offered it. Some other objections were made on the part of the defendants, which we deem of no importance.
Another objection to the recovery is, that it appears by the record that the judgment was enjoined, and no disposition of the injunction appears. This is a good objection, until it appears the injunction was dissolved.
The judgment of the Circuit Court is reversed with costs, and the cause is reman, ded for further proceedings.