AUG. TERM | 4  212
1835.     | 38a 640

McQueen v. Farrow.

McQueen
v.
Farrow.

1. When A. has certified a transcript of the record of a judgment of another state, as clerk, the attestation of the judge (under the act of Congress) need not state that he is clerk.
2. The declaration on the record of a decree, stated the decree to be for $125 51, "being the balance of hire for a negro boy John"—The decree is for $125 51—"being the amount which the hire of the boy John exceeds the original advances made by the defd. to compt. and interest thereon"—Per. C. There is no variance.

Writ of Error to the circuit court of Pike county.

Opinion delivered by McGirk J.*

Farrow brought an action of debt on a decree rendered in a court of chancery in the state of Kentucky—McQueen pleaded *nul tiel record*—on this issue the parties went to trial, a judgment was rendered for the plaintiff —Farrow. McQueen has brought the cause here by a writ of error. On the trial the defendant made two objections, The first of which will be attended to now.— It was, that the attestation was not sufficient. The attestation of the judge says nothing about the fact— whether the person who makes the certificate was in fact clerk or not. The act of Congress does not require this. The certificate of the Judge contains all the act of Congress requires. There is no error on this point. The other point raised presents a question of variance. The declaration sets out that in a certain court of chancery in the state of Kentucky, a suit was brought and that such proceedings were had thereon, that the plaintiff obtained a decree &c.

When A. has certified a transcript of the record of a judgment of another state as clerk, the attestation of the judge (under the act of Congress) need not state that he is clerk.

The demand in the declaration is for five-hundred & fifty dollars and seventy-one cents and a half cent. The declaration then says the decree was for one hundred and twenty-five dollars and fifty-one cents, being the balance of hire for a negro boy John. The declaration then sets out the other items of the decree which make up the amount demanded in the declaration. The words of the decree with regard to this item are thus, "it is decreed and ordered, that the complainant recover of the said defendant, the sum of one hundred and twenty-five dollars and fifty one cents, being the amount which the hire of the boy John exceeds the original advances made by the defendant to the complainant and interest thereon. The

terest thereon"___
Per. C.   There is
no variance.

record was objected to because of an alleged variance from the declaration.

The first matter of variance pointed out by Mr. Chambers for McQueen is this—the declaration claims the $125 51, as being a balance of hire for the negro boy John.   It is argued that by the decree it does not appear to be a balance of hire.   The decree says it is the amount the hire exceeds advances.   This in our opinion clearly shews the sum decreed was a balance of hire; though the court does not call it a balance, we see on what account this sum was decreed.

The fact that the plaintiff called it a balance, and that the decree does not name it so, cannot be a sufficient variance to make the record offered in evidence a different record from that declared on.—The next matter of variance alleged is, that in the declaration, the sum decreed was the balance of hire for the negro boy John.   The decree is for the hire of the boy John.   This word negro not being found in the decree, constitutes the decree offered in evidence, a different record from that declared on.   We cannot think this word constitutes a misdescription of the decree.   The substance of the description of the record given by the declaration is, that the plaintiff recovered a certain sum for the hire of the boy John.   The decree produced shews the decree was for the hire of the boy John.   As to the description of the boy whether white or black—it ought not to be considered material. Another objection was made with regard to some expressions in the decree relating to interest, this matter was properly abandoned.   The judgment of the circuit court is affirmed with costs.