Ducommun et al. *v.* Hysinger et al.

Justus Ducommun et al., Appellants, *v.* Barent Hysinger et al., Appellees.

### APPEAL FROM GREENE.

Under the act of congress the records and judicial proceedings of the courts of any State are entitled to the same faith and credit in every other State, which they have in their own; provided they be attested by the clerk, under the seal of the court, and the judge or presiding officer certifies that the attestation of the clerk is in accordance with the law or usage of the State where the proceedings were had.

It is not necessary that the judge should certify that the person who attests the record is the clerk, or that the seal is the seal of the court. The seal speaks for itself, and is presumed to have been affixed by the person having custody thereof, and that he had authority to do the act.

A record against Barent H. will not support a declaration describing a judgment against Barnard H.

This cause was tried before Woodson, Judge, at October term, 1852, of the Greene Circuit Court.

John M. Palmer, for appellants.

R. S. Blackwell, for appellees.

Treat, C. J. This was an action of debt brought by Ducommun and Guinard against B. & H. Hysinger. The declaration was on a judgment rendered in the Supreme Court of the county of Albany and State of New York, on the 16th of May, 1849, for the sum of $248.37, in favor of the plaintiffs and against *Barnard* Hysinger and Henry Hysinger. The plea was *nul tiel record.* On the trial, the plaintiffs offered in evidence a record commencing thus: " The people of the State of New York to all persons to whom these presents shall come: Greeting. Know ye, that we, having inspected the records in the office of our clerk of our Supreme Court in the city of Albany, do find there remaining a certain judgment roll contained in our Supreme Court of our said State, in the words and figures following." There is then set forth at large the proceedings in a case before the Supreme Court for the county of Albany, brought by the present plaintiffs against *Barent* Hysinger and Henry Hysinger, in which judgment was entered in favor of the plaintiffs, for $248.37, on the 16th of May, 1849. The record then concludes: "All which we have caused by these presents to be exemplified, and the seal of our said court to be thereunto affixed. Witness, Amasa J. Parker, Esq., presiding

Ducommun et al. *v.* Hysinger et al.

justice of our said Supreme Court, in the third judicial district of our said State, at the city of Albany, this 16th of July, 1852.
Seal.           "R. S. Lay, Clerk."

"I, Amasa J. Parker, presiding justice of the Supreme Court of the State of New York, in the third judicial district of said State, do hereby certify that the foregoing attestation of Robert S. Lay, and the seal of the said court thereunto annexed, is in due form; and that he is the officer in whose custody such roll is required by law to be kept; and that his signature to such attestation is genuine. Given under my hand at the city of Albany, this 17th day of July, A. D. 1852.
          "Amasa J. Parker."

The court rejected the record, and rendered judgment for the *defendants.*

Was the record properly authenticated? The act of Congress provides: "That the records and judicial proceedings of the courts of any State shall be proved or admitted, in any court within the United States, by the attestation of the clerk, and the seal of the court annexed, if there be a seal, together with a certificate of the judge, chief-justice, or presiding magistrate, as the case may be, that the said attestation is in due form. And the said records and judicial proceedings, authenticated as aforesaid, shall have such faith and credit given to them, in every court within the United States, as they have, by law or usage, in the courts of the State from whence the said records are, or shall be taken."

In this case, the clerk has certified a transcript of the proceedings under the seal of the court; and the presiding judge of the court has certified that the attestation is in due form. This is a full compliance with the requirements of the law. The judge has only to certify that the attestation is in due form. He is not required to state that the person who certifies the record is the clerk of the court, or that the seal attached by him is the seal of the court. The seal speaks for itself, and is presumed to be affixed by the officer having the custody thereof, as well as competent authority to do the act. The phrase "in due form" means the mode of attestation in use in the State from whence the record comes. The record must be attested according to that mode; and the certificate of the judge is made the evidence of that fact. This is the only object of his certificate. When a record is attested by the clerk under the seal of the court in conformity to the law or usage of the State where the proceedings are had, it is entitled to the same faith and credit in every other State. We are aware

that some of the State courts have decided that the judge should certify to the official character of the clerk; but we conceive that a just interpretation of the act of Congress will not warrant such a conclusion. The cases of Ferguson v. Harwood, 7 Cranch, 408; Craig v. Brown, Peters' C. C. R. 352; and Regan v. McCormick, 4 Harrington, 435, sustain the view we have taken.

The record was, however, properly excluded on another ground. The declaration described a judgment against *Barnard* Hysinger; and the record offered in evidence showed a judgment against *Barent* Hysinger. This was a fatal variance. The names have not the same sound or signification. They clearly denote different persons. The case of Scholes v. Ackerland, 13 Illinois, 650, is directly in point.

The judgment is affirmed.

*Judgment affirmed.*