Grover v. Grover.

GROVER, Plaintiff in Error, v. GROVER, Defendant in Error.

1. A transcript of the proceedings of a court of Indiana had appended thereto a certificate of the clerk, in which he certified said transcript to be "a full, true and complete transcript of all the proceedings had in the above case, as now remains of record and on file in my office." The judge of the court certified the certificate and attestation of the clerk to be "in due form." *Held*, that the transcript was duly authenticated under the act of Congress.

2. In an action on a judgment of a sister state, the validity of such judgment under the law of such sister state can not be called in question; if the judgment be erroneous, it can only be vacated in a direct proceeding instituted for that purpose to the court in which it was rendered.

*Error to Johnson Circuit Court.*

This was an action on a judgment rendered in the state of Indiana. The transcript offered in evidence was authenticated in the manner set forth below in the opinion of the court. When offered in evidence by the plaintiff it was excluded, whereupon the plaintiff took a nonsuit, with leave, &c.

The final judgment or decree of the court as set forth in said transcript, after certain recitals as to the amount due the plaintiff therein, closes as follows: "It is therefore ordered and decreed by the court that the said Benjamin W. Grover pay to the said James L. Grover said sum of one thousand five hundred and twenty-three dollars and eighty-eight cents, with interest thereon at the rate of six per cent. per annum from this date until paid, and the clerk of this court is hereby ordered and directed to issue execution on this decree at the request of said complainant, which execution shall be levied on other property of said Benjamin W. Grover."

Grover v. Grover.

*Hicks & Silliman*, for plaintiff in error.

I. The court erred in not permitting the transcript offered in evidence to be read. The certificate of the clerk was in proper form. The judge certified the attestation of the clerk to be in due form of law. This is conclusive. (2 Ired. 440; 3 Phill. Ev. 1132; 7 Port. 110; 11 Ala. 720; 4 Harring. 435; 2 Green, 186.) The record offered in evidence contained a sufficient judgment in favor of plaintiff against defendant. There was no variance.

*Ryland & Son*, for defendant in error.

I. The court properly excluded the transcript. It was not properly certified by the clerk. The certificate does not certify that the transcript is a full and perfect transcript of the record and proceedings in the case. The certificates of the clerk and judge must of themselves be perfect and complete. The transcript can not be resorted to to help out a defective certificate. (See 29 Mo. 345.) The transcript was properly excluded. There is a variance between the decree or judgment as set forth in the transcript and that declared on in the petition. This variance is fatal. (3 McLean, 383.)

SCOTT, Judge, delivered the opinion of the court.

This was an action on a judgment rendered in the state of Indiana. The plea was *nul tiel record*. On the production of the transcript of the judgment as evidence, it was objected that the record was not authenticated in pursuance to the laws of the United States. Here follows a copy of the attestation of the clerk:

" State of Indiana—Jefferson county, ss. I, John G. Sevring, clerk of the circuit court in and for said county, do hereby certify that the foregoing is a full, true and complete transcript of all the proceedings had in the above case as now remains of record and on file in my office.

" In testimony whereof, I have hereunto set my hand (L. S.) and the seal of said court at Madison, state and county aforesaid, this 25th day of May, A. D. 1858.

JOHN G. SEVRING, Clerk."

The judge's certificate was as follows:

" State of Indiana—First judicial circuit, ss.   I, the undersigned, at present the sole judge of the said Jefferson circuit court, and the same person who was president judge of said court at the time of the proceedings and judgments aforesaid, (the said Jefferson circuit court being now in the first judicial circuit, though it was then in the third,) do certify that John G. Sevring, whose certificate and attestation are above written, was, at the date thereof, clerk of the said Jefferson circuit court, and that his said certificate and attestation are in due form of law, and that full faith and credit are due to all his official acts.

" Witness my hand at Rosington, in said circuit, this 29th day of May, 1858.          A. C. Downey, Judge."

The act of Congress of May 26, 1790, prescribes that " the records and judicial proceedings of the courts of any state shall be proved or admitted in any other court within the United States by the attestation of the clerk and the seal of the court annexed, if there be a seal, together with the certificate of the judge, chief justice, or presiding magistrate, as the case may be, that the said attestation is in due form."

One objection to the transcript, as stated in the record is, that the same did not appear by any sufficient certificate of any officer to be a transcript of the record and proceedings of any case in any court, the transcript of which is legal evidence under the issue in this suit.   The point of this objection is not very obvious.   If it is that the clerk's attestation omitted to state that the transcript is a full transcript of the " *record and proceedings*" in the cause, making the omission of the words " *record and proceedings*" the cause of the objection, we do not see on what ground such an objection can be sustained.   It is true that records and judicial proceedings are the instruments to be authenticated. But the styling of a paper by the clerk a record or judicial proceeding does not make it so.   Whether a paper contains a judicial proceeding is to be determined by its contents. In the case of Lee v. Gause, 2 Ired. 444, the objection

seems to have been that the clerk not styling the paper, purporting to be a record, a record, it might be inferred that it was only a transcript of a part of the record of the cause between those parties, or of the minutes of the court not engrossed in the record. There the objection was disallowed. In the case of Ferguson v. Howard, 7 Cranch, 408, to a paper purporting to be a record, there was an attestation annexed by the clerk: "That the foregoing is truly taken from the record of the proceedings in this court." This, together with a proper certificate of the judge of the court was held sufficient. The form of the attestation of the clerk in the record before us precludes the objection that the transcript does not contain all the proceedings had in the cause. The objection is a dry, technical one, and has no foundation on any merit. But what we deem places this matter beyond controversy is the certificate of the judge of the court that the attestation of the clerk is in due form of law. The words "of law" are unnecessarily added in this certificate and are not required by the act of Congress, but we do not consider that their insertion affects its validity. The authorities are ample that when the judge certifies that the attestation of the clerk is in due form, that such certificate conclusively proves that the attestation is in the form required by the laws of the state in which he is clerk.

There is no foundation in fact for the objection that there was a variance between the petition and the record offered in evidence in the cause. The judgment on which this action is brought, as shown by the transcript, corresponds in date and amount with the judgment as stated in the petition.

We consider that the form of the entry of the judgment or decree of the court in Indiana, can not be reviewed in this action. If the judgment is erroneous, it ought to be reversed or vacated in a direct proceeding instituted in the court in which it was rendered. In this collateral action its conformity to law can no more be inquired into than it could be done in an action upon it in the state of Indiana.

Reversed and remanded. The other judges concur.