EMIL HORNER

*v.*

JESSE B. SPELMAN *et al.*

1. JUDGMENT IN ANOTHER STATE—*how authenticated.* Where a transcript of a judgment in a court of another State is certified by the clerk of the court, and the presiding judge certifies that the attestation is in due form, it is a substantial compliance with the act of Congress of May 26, 1790.

2. BANKRUPTCY—*should be pleaded.* It is not error to exclude a certificate of bankruptcy offered in evidence by the defendant, where the same has not been pleaded.

. 3. SAME—*debts contracted by fraud of the bankrupt, not discharged.* A discharge in bankruptcy is no defense to a suit on a judgment, which was for the " covins, frauds, wrongs and injuries " committed by the bankrupt defendant.

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Messrs. WOODBRIDGE & BLANKE, for the appellant.

Mr. W. M. HOWLAND, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was debt, in the Superior Court of Cook county, on a judgment rendered by the Superior Court of Hartford county, in the State of Connecticut, in an action for damages sustained "by reason of sundry covins, frauds, wrongs and injuries by the defendant committed against the plaintiffs."

The defendant pleaded *nul tiel record,* payment, and accord and satisfaction of the judgment, on all which issues were made up and submitted to the court for trial without a jury.

The court found for the plaintiffs the amount of the judgment as debt, and assessed the damages by computing interest thereon, and rendered judgment accordingly. The defendant appeals.

Appellant makes objection that the record of the Superior Court of Hartford county is not well authenticated.

We are of opinion it is in substantial compliance with the act of Congress, May 26, 1790 (Rev. Stat. 1845, appendix, 624), and was properly admitted in evidence.

The clerk has certified a transcript of the proceedings, under the seal of the court, and the presiding judge of the court has certified that the attestation is in due form. This is all the act of Congress requires. *Ducommun et al.* v. *Hysinger,* 14 Ill. 249.

Under the plea of payment, it was attempted to be shown that, through an arrangement made with Tobias Kohn, who

was on defendant's bail bond in the suit in Connecticut, this judgment had been paid, but the evidence fails to show it. On the contrary, it is shown these plaintiffs have never received any part of it. They have Kohn's note for a part of it, not due at the time of this trial. This arrangement with Kohn was made, as we infer from the testimony, while an action was pending against him on the bail bond. Nothing has been realized from it, and the plea of payment is not sustained; nor could a release of Kohn from his bail bond be a payment of this judgment. This will not be denied. It is not like the payment of a debt by a surety, when he can claim, in equity, at least, to be subrogated to all the remedies of his principal. Nothing of the kind.

All that is necessary to be said on the refusal of the court to admit in evidence appellant's discharge in bankruptcy, is, that such discharge was not pleaded, and had it been, it could not avail, as the judgment obtained in the Superior Court of Hartford county was for "the covins, frauds, wrongs and injuries" committed by appellant.

Section 33 of the Bankrupt act provides that no debt created by the fraud of the bankrupt shall be discharged under that act. Bump's Law and Practice in Bankruptcy, 518.

There being no error in the record, the judgment must be affirmed.

*Judgment affirmed.*