BARLOW v. STEEL, APPELLANT.

1.  **Judgment Entry nunc pro Tunc.** A judgment entry made in pursuance of a stipulation of counsel more than ten years after the verdict, will not be treated as an entry *nunc pro tunc* as of the date of the verdict, when it does not purport on its face to be such.

2.  **Attorney and Client:** AUTHORITY OF ATTORNEY TO MAKE STIPULATIONS. An attorney has power to stipulate that the opposite party may take judgment against his client without further notice on a verdict already rendered, and this as falling within the general management of the case. Such a stipulation will not lose its force by reason of the laspe of over ten years before the judgment is entered, no revocation of the authority having taken place in the mean time.

3.  **Foreign Judgment:** JURISDICTION. It is competent for the defendant to show in a suit upon a judgment from another state, that the court which gave the judgment had acquired no jurisdiction

over him, and, for the plaintiff, to show actual service of process on the defendant, or that defendant had authorized the entry of his appearance.

4. ———: AUTHENTICATION OF RECORD. The certificate of the Presiding Justice of the Fourth Judicial Department of the Supreme Court of the State of New York is insufficient to authenticate the transcript of the judgment of the Supreme Court of the State of New York for the County of Cattaraugus, and complies neither with the act of Congress nor with our own statute.

*Appeal from Cooper Circuit Court.*—Hon. GEORGE W. MILLER, Judge.

*Draffen & Williams* for appellant.

I. The court erred in admitting in evidence the transcript of the record of the supreme court of Cattaraugus county, New York. It was not properly authenticatad, as there was no certificate of the judge, chief justice, or presiding magistrate of said court that the attestation of the clerk was in due form, and in the absence of anything showing that Cattaraugus county was in the fourth judicial department, the certificate to the record was insufficient.

II. The court erred in refusing to declare that the judgment sued on had been in full force for more than twenty years before the institution of this suit and was conclusively presumed to be paid. The judgment of the supreme court of Cattaraugus county admitted in evidence took effect from the date of the verdict of the jury, and the order for judgment thereon, to wit: February, 1852, and the subsequent entry in full of said judgment, in March, 1863, must necessarily have been a *nunc pro tunc* entry, and related back to and took effect as of the date of the rendition of said verdict. *Groner v. Smith,* 49 Mo. p. 318; Freem. Judgm. 20, § 38, p. 22 § 40; *Gray v. Palmer,* 22 Cal. 416; *Genella v. Relyea,* 32 Cal. 159; *Fleet v. Youngs,* 11 Wend. 522; *Lee v. Tillotson,* 4 Hill 29; *Lex. and St. Louis R. R. Co. v. Mockbee,* 63 Mo. 348.

III. This suit was not commenced until after the expiration of twenty years from the day of the rendition of said

alleged judgment by the supreme court of Cattaraugus county, New York, and is presumed to be paid, and no action can be maintained thereon. 2 W. S. 921, § 31.

*John Cosgrove* for respondent.

I. The judgment record was properly certified and exemplified. "The attestation is in due form." W. S. 1872, p. 1383, § 1; W. S. p. 598, § 51. The words "*in due form*," are conclusive. *Grover v. Grover*, 30 Mo. 403; *Simons v. Cook*, 29 Iowa, 324.

II. The court found as a matter of fact that the appellant was personally served with process, and appeared by attorney in the suit in the supreme court of New York for Cattaraugus county. The judgment record upon which this suit was brought, was entitled to. "full faith and credit as to all of its findings." Freem. Judgm. pp. 348 to 350, § 411–414. *Blair v. Caldwell*, 3 Mo. 354; *Rennick v. Chloe*, 7 Mo. 202; *Warren v. Lusk*, 16 Mo. 102; *Marx v. Fore*, 51 Mo. 69, 77; *Edmonds v. Montgomery*, 1 Iowa 143; Freem. Judg. 470, § 565.

III. The objection to the exemplification of the judgment record, that it did not appear " that Joseph Mullin was the judge, chief justice, or presiding magistrate of the supreme court of Cattaraugus county, New York," is not well taken; there is no such court, in point of law, as the supreme court of Cattaraugus county. It is the *Supreme Court of the State of New York*, which holds its terms in Cattaraugus county, according to law. Joseph Mullin is the presiding justice of the 4th judicial department of the State of New York, and Cattaraugus county is a part of the fourth judicial department; this appears from the record. Laws of N. Y. 1870, Chap. 408, § 2 and 3. Revised Statutes N. Y. 6 Ed. Vol. 1, pp. 371 and 372, § 1 and 2. Constitution of New York, Art. 6, § 7.

IV. The entry of judgment in the supreme court of New York, March 24th, 1863, is not a *nunc pro tunc* entry.

There is nothing in the record showing it to be such. To be a *nunc pro tunc* entry, it must appear as such on the face of the judgment. If so intended it should have been entered for the amount of the verdict, at the date it was found by the jury, and by omission of some kind not written out. Freem. Judgm. pp. 34, 96, 115.

V. The depositions read by respondent were in rebuttal of evidence of appellant. *Davidson v. Peck*, 4 Mo. 438; *Gay v. Lloyd*, 1 G. Greene, (Iowa) 78.

SHERWOOD, C. J.—Action on judgment alleged to have been recovered in the supreme court of Cattaraugus county in the State of New York, in March, 1863. Answer, general denial, and plea of *nul tiel* record; also that defendant had been a resident of the State of Missouri since 1850, and that no writ or process had ever been served on him, nor had he ever authorized an appearance to be entered for him, &c. Plaintiff replied.

The transcript offered in evidence is as follows:

People of the State of New York, by the grace of God [Seal] free and independent, to all to whom these presents shall come or may concern, Greeting:

Know ye that we having examined the records and files in the office of the clerk of Cattaraugus county, and clerk of the supreme court of said State for said county, do find a certain judgment roll there remaining in words and figures following, to-wit:

SUPREME COURT—COUNTY OF CATTARAUGUS:

Lorenzo Barlow, against Daniel C. Steel and George W. Robinson. } The plaintiff desires the trial of this action, if any there be, to be had in the county of Cattaraugus.

To Daniel C. Steel and George W. Robinson, defendants: You are hereby summoned to answer the complaint of Lorenzo Barlow, plaintiff in this action, a copy of which you are herewith served, and to serve a copy of your answer on the subscriber at Randolph, Cattaraugus county,

within twenty days after service of this summons, exclusive of the day of service; and if said defendants fail to answer said complaint as hereby required, the plaintiff will take judgment against said defendants for two hundred and sixty dollars and forty-two cents, with interest thereon from the 8th day of March, 1842, besides costs.

R. OWEN, Jr., Plaintiff's Attorney,<br>Randolph, Cattaraugus Co.

Here follows in said transcript copy of complaint in said original suit, and then follows copy of answer of said Steel, signed by J. E. Weeden as his attorney; then the following notice: Take notice that I am the attorney for the defendant Daniel C. Steel in the above entitled action. Dated Aug. 1, 1851. Yours, &c.,

To R. OWEN, Jr.,                    J. E. WEEDEN,
    Plaintiff's Attorney.            Att'y for Def't Steel.

Here follows copy of the plaintiff's replication to the answer of said Steel; and then the following entries: At a special term of the supreme court and a circuit court held at the court house in the village of Ellicottville, in and for the county of Cattaraugus on the fourth Monday of September, 1852—present Hon. James Mullin, Justice,

Lorenzo Barlow,    &#125;<br>
    against<br>
Daniel C. Steel and<br>
George W. Robinson. &#125;

On motion of R. Owen, Jr., of counsel for plaintiff, ordered: that a jury be empaneled in this cause and that the same proceed to trial. The jury, without leaving their seats, under the direction of the court say that they find for the plaintiff against the defendant Daniel C. Steel for four hundred and fifty-two dollars seventy-three cents, and that they find for defendant Robinson. On motion of R. Owen, Jr., ordered judgment accordingly.

SUPREME COURT,

Lorenzo Barlow, }
    against }
Daniel C. Steel. }

Stipulated that the plaintiff may take judgment upon the verdict in this action without further notice.

J. E. WEEDEN, Def't Att'y.

SUPREME COURT,

Lorenzo Barlow, }
    against }
Daniel C. Steel and } Judgment signed March 24, 1863.
George W. Robinson. }

This cause having been reached in its order on the calendar at the term of this court held at the court house in Ellicottville, Cattaraugus county, commencing on the fourth Monday of September, 1852, and the issues of the fact therein having been tried by a jury, and the jury having found a verdict for the plaintiff against the defendant Daniel C. Steel for the sum of four hundred and fifty-two dollars and seventy-three cents, and on reading and filing stipulation of defendant's attorney, on motion of Henderson & Wentworth, plaintiff's attorneys, it is adjudged by the court that the plaintiff Lorenzo Barlow recover of the defendant Daniel C. Steel, the sum of four hundred and fifty-two dollars and seventy-three cents, the amount of said verdict, together with interest thereon from the time of the rendering of said verdict to this date, being the sum of three hundred and thirty-two dollars and seventy-five cents; amounting in the whole to the sum of seven hundred and eighty-five dollars and forty-eight cents.

THOMAS A. E. LYMAN, Clerk.

All of which we have caused by these presents to be exemplified and the seal of our supreme court to be hereunto affixed.

Witness Hon. Joseph Mullin, presiding justice of the

fourth judicial department, this 4th day of November, 1874, and of our independence the ninety-eighth.

A. E. NASH, Clerk.

I, Joseph Mullin, presiding justice of the fourth judicial department of the supreme court of the State of New York, do hereby certify that E. A. Nash, whose name is subscribed to the preceding exemplification is the clerk of said county of Cattarraugus, and clerk of said supreme court for said county, duly elected and sworn, and that full faith and credit are due to his official acts. I further certify that the seal affixed to the exemplification is the seal of our said supreme court, and that the attestation thereof is in due form.

J. MULLIN,
Presiding Justice, Fourth Judicial Department
of the Supreme Court of the State of New York.

Dated, Nov. 13, 1874.

State of New York, } ss.
Cattaraugus County.

I, Eugene A. Nash, clerk of the supreme court of said State, in and for the county of Cattaraugus, do hereby certify that Joseph Mullin, whose name is subscribed to the preceding certificate, is presiding justice of the fourth judicial department of the supreme court of the State of New York, duly elected and sworn, and that the signature of said justice to said certificate is genuine.

In testimony whereof, I have hereunto set my hand and [Seal.] affixed the seal of said court this 18th day of November, 1874.

EUGENE A. NASH, Clerk.

The defendant objected to the same as incompetent and not properly certified, and for the reason that it was not authenticated or proved as required by law; and there was no legal evidence that it was a transcript of the records of said court; and it did not appear from said certificate that Joseph Mullin was the judge, chief justice or presiding magistrate of the supreme court of Cattaraugus county,

N. Y.; nor was there any certificate of the judge, chief justice or presiding magistrate of said court, that the attestation to said pretended record is in due form. The court overruled said objections and the defendant excepted.

The defendant then introduced evidence tending to show that he was, and had been since 1850, a resident of the State of Missouri, and that he was not served with process in said suit, nor had he employed or authorized any one to appear for him therein. And the plaintiff then gave evidence in rebuttal, tending to show the service of the summons while defendant was temporarily in New York; and also that he had employed an attorney to appear for him therein. The court found for plaintiff, and gave judgment accordingly.

Defendant's counsel in the court below, as well as in this court, proceeded upon the theory that the entry of the

1. FOREIGN JUDGMENT: jurisdiction. judgment declared on, was an entry *nunc pro tunc*, and consequently related to the date of the verdict; but it must be observed that the entry which evidences the signing of the judgment in March, 1863, has none of the elements or attributes of a judgment of that character, since it does not assert that a judgment was rendered on the day of the return of the verdict, but by mistake or misprision of the clerk was not entered, and then proceed to enter a judgment as of the date of the verdict. On the contrary, the judgment signed, is a wholly independent entry, and bearing date as of the day on which it was signed. Treating the judgment then as bearing date in March, 1863, it is quite evident that the present action was not barred, as it was brought in January, 1875.

And if Weeden was really employed by defendant as his attorney in the cause, about which there was conflicting evidence, it was certainly competent for such at-

2. ATTORNEY AND CLIENT: authority of attorney to make stipulation torney to make the stipulation which the record discloses, and this as falling within the general management of the case. *R. R. Co. v. Stephens*, 36 Mo. 150; and no writ or summons was necessary to give the

court jurisdiction *in personam*, if the attorney's employ-
ment be considered. (*Dowzelot v. Rawlings*, 58 Mo. 75);
and if, in reality, Weeden was defendant's attorney, the
length of time which intervened between the making of
the stipulation and the signing of the judgment would
constitute no serious obstacle to the latter's validity ; the
cause was still pending in the court where instituted, and
the authority of an attorney once employed would in the
absence of revocation continue as a matter of course, *pen-
dente lite.*

Under our more recent adjudications, it is permissible
to show in a suit on a judgment from another state, that
3. FOREIGN JUDG- the court which gave the judgment declared
MENT: jurisdic-
tion. on had acquired no jurisdiction over the de-
fendant, and consequently the alleged judgment was no
judgment. (*Marx v. Fore*, 51 Mo. 69; *Eager v. Stover*, 59
Mo. 87). If, as has thus been held, it be competent to
attack such judgments on the score of lack of jurisdiction,
it would doubtless be open to the party suing to show that
service of process was actually had on the defendant, or
that he had authorized an appearance to be entered for him.

There is one point, however, which must needs prove
decisive in this case, and cause a reversal of the judgment
4. ——: Authenti- which plaintiff obtained; it is this : The insuf-
cation of record. ficiency of the certificate to authenticate the
transcript offered in evidence. It by no means appears that
Cattaraugus county is in the fourth judicial department,
or that Joseph Mullin is the presiding justice of the court,
whose record is being certified, or of which Nash is clerk;
the certificate in these respects neither complying with the
act of Congress in this regard (Appendix 2 Wag. Stat. 1383
§ 1), nor with our own statute (1 Wag. Stat. 598 § 51).
The cases cited by defendant's counsel are in this respect
directly in point. (*Paca v. Dutton*, 4 Mo. 371 ; *Phelps v.
Tilton*, 17 Ind. 423). The case of *Grover v. Grover*, (30 Mo.
400) relied on by counsel for plaintiffs, shows a certificate
wherein there is no lack as to the particulars referred to.

That case has, therefore, no bearing on the present one. On the part of the plaintiff, we have been cited to the *Laws and Constitution of the State of New York.* This is probably done in the endeavor to supply any deficiency in the certificate. It would scarcely seem necessary to add that we can pay no attention to such citations. Judgment reversed and cause remanded. All concur.

REVERSED.