Moyer v. Lyon.

———

HENRY MOYER, Respondent, v. MORRIS LYON, Appellant.

Kansas City Court of Appeals, January 6, 1890.

1. **Judgment of Another State:** CERTIFICATE OF JUDGE: ADMISSION IN EVIDENCE. The act of congress and the statute of the state provide that a judgment or court record of another state shall be proved or admitted in any other court within the United States by the attestation of the clerk and the seal of the court annexed, if there be a seal, together with a certificate of the judge that said attestation is in due form; and, where the judge's certificate to the judgment fails to state affirmatively that he is the presiding judge of the court in which the judgment was rendered, it is insufficient to authorize the admission of such transcript in evidence.

——— : ——— : CERTIFICATE OF CLERK. Where the judge's certificate fails to show that he is the judge of the court in which the judgment was rendered, it is not cured by the subsequent certificate of the clerk certifying that he is such judge, as such additional certificate is voluntary and evidence of nothing it states. The provision of the statute requiring the clerk to certify to the official character of the judge relates to the authentication of records of a sister state not pertaining to any court of such state.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED AND REMANDED.

*F. V. Kander*, for the appellant.

(1) The transcripts are not properly authenticated. It must appear by the certificate, or by the judgment proper, that the judge who undertakes to attest the record is the judge of the court which rendered the judgment. And the clerk of the court must attest the record. *Barlow v. Steele*, 65 Mo. 612–619; *Phelps v. Tilton*, 17 Ind. 420; *Morris v. Patchin*, 24 N. Y. 394; *Settle v. Allison*, 8 Ga. 201; Freem. Judg. [3 Ed.] sec. 413.

*Moses Trauerman* and *Eugene Pearson*, for the respondent.

(1) We claim that the only issue involved is, whether or not the attestation of the clerk, the certificate of the judge, and the second attestation of the clerk are in due form of law. (2) We hold the certificate is properly authenticated and certified to, for the reason, that " the certificate of the presiding judge of a court of record in another state, that the attestation of the clerk is in due form and by the proper officer, is conclusive evidence that the certificate contains all the facts which, by the laws of that state, it should have certified." *Renick v. Cloe,* 7 Mo. 197. (3) If your honors would have any further guidance in forming an opinion as to the sufficiency of the authentication of such records, we know of no better way of presenting the question than by simply citing: *Blair v. Caldwell*, 3 Mo. 353; *Devaul v. Ellis*, 13 Mo. 203; *Wilburn v. Hall*, 16 Mo. 426; *McQueen v. Farrow*, 4 Mo. 212; *Grover v. Grover*, 30 Mo. 400.

GILL, J.—This is an action on transcripts of two judgments purporting to be rendered by the court of common pleas of Montour county, Pennsylvania.

At the trial in the circuit court defendant objected to the introduction of the transcripts in evidence, for

the reason that the same were not properly authenticated as required by act of congress and the laws of this state. Defendant's objection was overruled, and judgment for plaintiff followed, and defendant has appealed to this court.

The authentication, appended to each of the alleged judgments, consisted of the following :

"COMMONWEALTH OF PENNSYLVANIA, } ss.
    "County of Montour.

"I, Wilson M. Gearhart, prothonotary of the court of common pleas, in and for said county, do hereby certify that the foregoing is a full, true and correct copy of the whole record of the case therein stated, wherein Henry Moyer is plaintiff and Morris Lyon is defendant, as the same remains of record before the said court, at number 77, of May term, A. D. 1886.

"In testimony whereof, I have hereunto set my hand and affixed the seal of said court, this sixth day of April, A. D. 1886.
    "(Seal.)        WILSON M. GEARHART,
                            "Prothonotary."

"I, William Elwell, president judge of the Twenty-sixth Judicial District, composed of the counties of Montour and Columbia, do certify that Wilson M. Gearhart, by whom the annexed record certificate and attestation were made and given. and who, in his own proper handwriting, thereunto subscribed his name and affixed the seal of the court of common pleas of said county, was at the time of so doing, and now is, prothonotary in and for said county of Montour, in the commonwealth of Pennsylvania, duly commissioned and qualified, to all of whose acts, as such, full faith and credit are and ought to be given as well in the courts of judicature as elsewhere, and that the said record certificate and attestation are in due form of law and made by the proper officer.
                    "W. ELWELL, President Judge.

"COMMONWEALTH OF PENNSYLVANIA, } ss.
    "County of Montour.

"I, Wilson M. Gearhart, prothonotary of the court of common pleas in and for said county, do certify that the Honorable WILLIAM ELWELL, by whom the foregoing attestation was made and who thereunto subscribed his name, was, at the time of making thereof, and still is, president judge of the court of common pleas, orphans' court and court of quarter sessions of the peace, in and for said county, duly commissioned and qualified, to all of whose acts, as such, full faith and credit are and ought to be given, as well as in courts of judicature or elsewhere.

"In testimony whereof, I have hereunto set my hand and affixed the seal of said court, this sixth day of April, A. D. 1886.

"(Seal.)                    WILSON M. GEARHART,
                                "Prothonotary."

I.   In our opinion the foregoing does not constitute the authentication required by law for the judicial proceedings of the court of a sister state, in that the certificate of WILLIAM ELWELL, "president judge," etc., does not purport to be that of the judge of the court of common pleas of Montour county, Pennsylvania, where the alleged proceedings were had and said judgment rendered.  It seems well settled that the certificate of the judge, required to be attached to the transcript of the judgment coming from another state, to authorize the admission of such record in evidence, should affirmatively appear to be made by the judge of the court in which the judgment was rendered.  1 R. S. 1879, sec. 905, p. 696 (act of congress); R. S. 1879, sec. 2321; *Phelps v. Tilton*, 17 Ind. 423; *Settle v. Allison*, 8 Ga. 201; *Barlow v. Steele*, 65 Mo. 611; Freeman on Judgments [3 Ed.] sec. 413.

Such authentication of a foreign court record is wholly a matter of statutory regulation, and the statute

provisions must be followed in every substantial detail. In the foregoing judge's certificate, WM. ELWELL designates himself "*president judge of the. Twenty-sixth Judicial District*, composed of the counties of Montour and Columbia." He may be the judge of that *judicial district*, and Montour county may be in that district, and yet he may not be the judge of the common pleas court of said county.

This defect in the judge's certificate is not cured by the second certificate of Gearhart, the prothonotary, wherein he states that said WM. ELWELL, is judge of said common pleas court of Montour county. Such certificate is wholly unauthorized by the statute. of Missouri or act of congress, *supra*, and being uncalled for by the law is mere surplusage—a voluntary act by said prothonotary, evidence of nothing it states. In the proof of such judgments and court records of other states, it is provided by act of congress, and by the statute of this state, before cited, that the same "shall be proved or admitted in any other court within the United States by the attestation of the clerk and the seal of the court annexed, if there be a seal, *together* with a certificate of the judge * * * that the said attestation is in due form," etc. It is, under this law, the duty of the clerk, or prothonotary, simply to attest or certify to the correctness of the transcript, taken from the record according to the law of the state where certified, and the duty of the judge or presiding magistrate of such court to certify "that the said attestation is in due form." The two certificates—the one by the clerk or prothonotary, attesting the correctness of the record transcribed, with the court's seal attached, and the other by the judge of said court certifying that the clerk's attestation is made in due form—is all the law requires. Such certificate by the clerk as to the official character of the judge seems to be required in the authentication of records of a sister state *not pertaining*

*to any court* of such state [R. S. 1879, sec. 906 (act of congress) p. 696], but is unauthorized in proof of the judgment and records of a *court.*

Note the distinction in following cases : *Pasca v. Dulton,* 4 Mo. 371; *McQueen v. Farrow,* 4 Mo. 212; *Blair v. Caldwell,* 3 Mo. 353; *Ducommon v. Hysinger,* 14 Ill. 249; *Grover v. Grover,* 30 Mo. 400. ·

We hold, therefore, that the trial court erred in admitting the records of judgments hereinbefore alluded to, and for that reason its judgment in this cause must be reversed, and the cause remanded for a new trial. All concur.