Hull v. Webb.

---

## Charles A. Hull v. Richard W. Webb.

78    617
e92    641

1. JURISDICTION—*Of Justices of the Peace.*—The jurisdiction of the justice depends on the amount claimed by the plaintiff.

2. JUDICIAL NOTICE—*Of the Laws of Sister States.*—In an action on a judgment rendered in a sister State, judicial notice will be taken of the laws of that State, so far as it is necessary to ascertain the faith and credit to be given to the judgment.

3. OFFICERS' CERTIFICATES—*When Made by Deputies.*—The general rule is that the certificate of an officer, when made by a deputy, must be in the name of the officer, but under statutes providing, in the case of vacancy, or absence of the officer, or inability to act, the deputy may act. A certificate made by a deputy and signed by him as such

will be presumed to have been made by reason of such vacancy, absence or inability of the officer to act.

4. SAME—*Under the Act of Congress—Presumption as to the Seal.*—It is not necessary, under the act of Congress, for it to appear, either by the attestation of the clerk or the certificate of the judge, that the seal annexed is the seal of the court.

5. SAME—*What the Act of Congress Requires.*—Where a clerk of a court of record certifies to a transcript of proceedings under the seal of the court, and the presiding judge of the court certifies that the attestation is in due form, it is all the act of Congress requires.

Debt, on a foreign judgment. Trial in the Circuit Court of Cook County, on appeal from a justice of the peace; the Hon. JOHN GIBBONS, Judge, presiding. Finding and judgment for plaintiff. Appeal by defendant. Heard in this court at the March term, 1898. Affirmed. Opinion filed October 27, 1898.

A· BINSWANGER, attorney for appellant.

DAVID F. MATCHETT, attorney for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

Appellee sued appellant before a justice of the peace on a New York judgment, and recovered judgment before the justice for the sum of $200 and costs of suit, and appellant appealed to the Circuit Court. The cause was, by agreement of the parties, tried in the latter court by the court, without a jury, and appellee again recovered judgment for $200 and costs. Appellant moved the Circuit Court to dismiss the suit for want of jurisdiction, on the ground that the justice of the peace had no jurisdiction, for the reason that the judgment sued on was for $207.75, being $7.75 in excess of the jurisdiction of a justice of the peace.

Clause 6 of Sec. 1 of Art. 2, Chap. 79, Starr & Curtis' Annotated Statutes, enumerating the cases in which justices of the peace have jurisdiction, is as follows:

"Sixth. In all actions for damages for fraud in the sale, purchase or exchange of personal property, and in all cases where the actions of debt or assumpsit will lie if the damages claimed do not exceed $200.

"This section shall apply to claims originally exceeding

Hull v. Webb.

$200 if the same shall, at the time of rendition of judgment, be reduced by credits or deductions to an amount not exceeding $200."

The record shows that the demand made by appellee and indorsed on the summons issued by the justice was $200. The statute, Art. 2, Sec. 5, provides that the justice shall indorse on the back of every summons the sum demanded by the plaintiff.

"The jurisdiction of the justice must depend on the amount claimed by the plaintiff." Raymond v. Strobel, 24 Ill. 113; see also Carpenter v. Wells, 65 Ib. 451, and Wright v. Smith, 76 Ib. 216.

Appellant's motion was properly overruled.

Appellant objected to the introduction in evidence of the transcript of the New York judgment on the alleged ground that it was not properly attested or certified. His objections are that it does not appear from the transcript that it is attested by the clerk of the court from the records of which the transcript was made, and that it does not appear from the transcript that the judge certifying was the judge of the court in which the judgment was rendered.

The signature to the attestation is "R. Lutzerland, Dp. Clerk," and to the left of the signature is the impression of a seal, circular in form. Just inside the margin and in the upper part of the impression are the words, "Clerk's Office for the County of Erie, N. Y." Below and close to the margin of the impression is the word "Seal." The certificate of the judge is under the signature of the clerk and the seal, and is as follows:

"I hereby certify that the above attestation is in due form and by the proper officer. In witness whereof, I have hereto subscribed my name this 18th day of June, 1897.

JOHN S. LAMBERT,
Justice Supreme Court."

Appellant assumes that the letters "Dp." before the word "Clerk," mean deputy, and contends that the act of Congress does not authorize attestation by a deputy clerk, but only by the clerk.

Conceding the assumption that " Dp." means deputy, we do not think appellant's contention can be sustained. " In an action on a judgment rendered in a sister State, judicial notice will be taken of the laws of that State, so far as it may be necessary to ascertain the faith and credit to be given to the judgment." Kopperl v. Nagy, 37 Ill. App. 23, and cases cited.

The parties to this cause stipulated in open court, on the trial, that the laws of the State of New York should be considered as being in evidence in relation to service of process, obtaining judgment, attacking the validity of judgments and interposing defenses to set aside judgments.

The statute of New York contains the following:

" The clerk, by a writing, under his hand and seal of the court, filed in his office from time to time, must appoint and may at pleasure remove, a deputy clerk, who is entitled to a salary, fixed and to be paid as prescribed by law. Before entering upon his duties the deputy clerk must subscribe and file in the clerk's office the constitutional oath of office. While the clerk is absent from his office, or from the sitting of the court, or the office of the clerk is vacant, the deputy clerk has all the powers and is subject to all the duties of the clerk." Stover's N. Y. Annotated Code of Civil Procedure, 4th Ed., p. 104, Sec. 200.

In Garden City Sand Co. v. Miller, 157 Ill. 225, a deed was put in evidence certified by a deputy register of deeds in his own name. It was objected to on the ground that the law required the certificate to be by the register, but the court overruled the objection, saying: " The general rule is that the certificate of an officer, when made by a deputy, must be in the name of the officer. By section 609 of the statute of Michigan, which was in evidence, a register of deeds is authorized to appoint a deputy. Section 610 of the same statute is: In case of a vacancy in the office of the register of deeds, or his absence, or inability to perform the duties of his office, said deputy shall perform the duties of register during the continuance of such vacancy or disability. Under that statute, in the case of vacancy, or absence

or inability of the officer, the deputy may act.   The deputy, though a deputy merely, is made the officer, and a certificate made by such deputy, and signed as deputy, will be presumed to have been made by reason of a vacancy or because of absence or inability of the officer."

. The same reasoning is applicable in the present case, in view of the New York statute quoted *supra*.

. Appellant's counsel further objects that the seal of the court is not annexed to the attestation.   It is not necessary, under the act of Congress, that it shall appear, either by the attestation of the clerk or the certificate of the judge, that the seal annexed is the seal of the court (Ducommun v. Hysinger, 14 Ill. 249), but in the present case it does appear in the attestation that the seal is the seal of the court, and the certificate of the judge is that the attestation is in due form.

It is further objected by appellant that the record does not show that the judge who certified was the judge of the Supreme Court in and for the county of Erie.   The attestation of the clerk shows that John S. Lambert, who signed the certificate, was justice of the Supreme Court in and for the Fourth Judicial Department at Buffalo, and it is recited in the record as follows :   " We, having inspected the records and proceedings of our Supreme Court of the State of New York, in the office of the clerk of our said court, at Buffalo, in the county of Erie, do find," etc.   But it is contended that it does not appear from the certificate that the certifying judge was the sole judge or the presiding judge of the court. . If he was the sole judge, then he was, of necessity, the presiding judge.   It is provided by the statute of New York that ". A special term or a trial term of the Supreme Court must be held by one judge."   Stover's N. Y. Annotated Code of Civil Procedure, 4th Ed., p. 115a, Sec. 229.

In Horner v. Spellman et al., 78 Ill. 206, the court say : " The clerk has certified a transcript of the proceedings under the seal of the court, and the presiding judge of the court has certified that the attestation is in due form.   This is all

the act of Congress requires." Citing Ducommun v. Hysinger, 14 Ill. 249.

Finally, appellant objects that he was not properly served with process in New York. The New York court found that there was "due proof of the service of the summons and complaint in the action upon the defendant, Charles A. Hull, personally." This is conclusive on appellant. Zepp v. Hagar, 70 Ill. 223; McMillan v. Lovejoy, 115 Id. 498; Harrison v. Hart, 21 Ill. App. 348.

The judgment will be affirmed.