Reed v. Light.

---

## William S. Reed v. Robert C. Light.
## Gen. No. 13,629.

1. TRANSCRIPT OF RECORD—*when objection to, insufficient.* An objection to the transcript of a judgment rendered in a sister state, predicated upon the ground of incompleteness, is insufficient in the absence of specification of what is omitted.

2. JURISDICTION—*when appears from transcript of judgment.*
Jurisdiction of a court to render a judgment against the defendant
is sufficiently shown by the transcript thereof where such transcript
contains an appearance by the defendant.

Action in debt. Appeal from the Circuit Court of Cook county;
the Hon. GEORGE A. CARPENTER, Judge, presiding. Heard in this
court at the March term, 1907. Affirmed. Opinion filed February
13, 1908.

CHARLES F. DAVIES and FRANCIS M. LOWES, for appellant.

PECKHAM, PACKARD, ApMADOC & WALSH, for appellee.

MR. JUSTICE ADAMS delivered the opinion of the
court.

Appellee sued appellant in debt on a judgment of
the Superior Court of Marion county, Indiana, for
$20,000. The declaration is in the usual form, and its
sufficiency is not questioned. The appellant pleaded
*nil debet, nul tiel* record, and a special plea averring
that the defendant was allowed an appeal from the
Indiana judgment and perfected the same, and that the
cause was then pending on appeal in the Indiana Appellate Court. The appellee took issue on the plea of
*nil debet,* traversed the plea of *nul tiel* record, and
traversed the plea that the Indiana cause was pending
on appeal in the Appellate Court of that state. The
cause was tried by the court, without a jury, by agreement of the parties. Appellee put in evidence a transcript of the proceedings in the Indiana court, certified
by the clerk of that court, under the seal of the court,
to be a true and complete copy of said proceedings,
with the certificate of the presiding judge, also under
the seal of the court, that the certificate of the clerk
was in due form of law, and that the clerk signing
such certificate was, at the time of making and signing the same, clerk of the Superior Court of Marion
county, Indiana, and that his signature to the certifi-

cate was genuine; also a certificate of the clerk, under the seal of the court, that the judge who signed the aforesaid certificate was, at the time of signing the same, the duly qualified and commissioned presiding judge of the court, according to the law of Indiana.

The appellant offered no evidence. The court found the issues for the appellee, and rendered judgment for appellee for the sum of $20,413.89, which sum includes interest.

Appellant's counsel contend that the transcript of the Indiana judgment should not have been admitted in evidence, because it is not properly authenticated. The objection of counsel made in the trial court to the admission in evidence of the transcript is as follows:

"Counsel for defendant objected to the introduction of the alleged instrument on the ground that it was incompetent and irrelevant, and on the further ground that no copy of it had been filed in said cause ten days before the first day of the present term of court, as by statute required, and on the further ground that the said alleged instrument did not show any valid or binding judgment against the defendant, William S. Reed; that said instrument was not a true, full and complete copy of the record in the case in which said record was entitled; that the certificate thereto was informal and incomplete, and that said instrument was not a properly exemplified copy of any judgment against the defendant Reed."

The authentication of the transcript is as required by the act of Congress, and is sufficient. Horner v. Spelman, 78 Ill. 206, citing Ducommun v. Hysinger, 14 *ib*. 249. The objection in the trial court, "that the said alleged instrument did not show any valid or binding judgment against the defendant," is contradicted by the transcript itself. The record shows the verdict of the jury in these words: "We, the jury, find for the plaintiff and assess his damages in the sum of $20,000, twenty thousand dollars," and shows the judgment of the court in these words: "It is therefore con-

sidered, ordered and adjudged by the court that the plaintiff have and recover of and from the defendant herein the sum of twenty thousand ($20,000) dollars, together with his costs herein laid out and expended, taxed at ........................................ dollars.'' We think, also, the objection was too general, as also was the next one, namely, that the said instrument was not a true, full and complete copy of the record in the case, in which said record was entitled. The transcript of the proceedings in the Indiana court was the only evidence before the court when the objection was made, so that if anything was omitted from the transcript, the omission could only be evidenced or indicated by the transcript itself. The transcript occupies about thirty-two typewritten pages of the record before us, and it was not the duty of the court to search through the transcript for the purpose of ascertaining whether anything properly belonging to the record was omitted. If there are in the transcript any indications that parts of the record proper are omitted from it, it was incumbent on appellant's attorneys to call the court's attention specifically to such indications. This they failed to do, and the court did not err in overruling the objection.

In Johnson v. Holloway, 82 Ill. 334, it was objected that the transcript of the proceedings before a justice of the peace was incomplete, because there was no copy of the summons or the return thereof in it. The court, referring to the objection in the trial court, say: ''The objection was general and no specific grounds were stated. Had the ground now urged been pointed out when the transcript was offered in evidence, there can scarcely be a doubt but the summons, or a copy of it, could and would have been produced, thus showing complete jurisdiction to render the judgment. A party should not be permitted to reserve such objections to be raised for the first time in this court,'' etc.

Appellant's counsel contend that it does not appear from the transcript that the Superior Court of Marion

county, Indiana, had jurisdiction, and that it was incumbent on appellee to prove that it had. It appears from the transcript that the appellant appeared in the cause in the Superior Court and denied the averments in appellee's complaint, so there can be no question that the court had jurisdiction of the parties, and there is nothing in the transcript showing that appellant ever called in question the jurisdiction of the court. On the contrary, by appearing generally, pleading and participating in the trial, he acted on the hypothesis that the court had jurisdiction. It is argued that jurisdiction cannot be presumed, but the contrary seems to be the law in this state. In Rendleman v. Rendleman, 118 Ill. 257, a transcript of the proceedings of the District Court of Kansas was in evidence, in respect to which the court say: "It is also objected that it does not affirmatively appear, from the record offered in evidence, or otherwise, that the District Court of Kansas had jurisdiction of the subject-matter of the suit, and that for that reason the defendant is not to be affected in this proceeding by the adjudication in that court. We do not concur in this view. The record in question is authenticated in strict conformity with the act of Congress, and there is nothing upon the face of it, or otherwise, to indicate a want of such jurisdiction. The suit, as appears from the record, was entirely regular, and according to the usual course of judicial proceedings in such cases. Such being the case, we must presume that the District Court of Kansas possessed the powers which it assumed to exercise. This view, while it may not be in accord with some of the earlier cases on the subject, is believed to be sustained by the current of recent decisions, and by the most approved text-writers. Abbott on Trial Evidence, 545; Freeman on Judgments, 565; 4 Wait's Actions and Defenses, 193; Rae v. Hulbert, 17 Ill. 572."

It appears from the transcript that the Indiana court is a court of record, having a clerk and seal,

and that its jurisdiction is commensurate with the county. We cannot sustain any of appellant's contentions.

Counsel for appellee urge that the appeal was taken for delay, and that the judgment should be affirmed with damages. We are of that opinion, and the judgment will be affirmed with one per cent. of $20,413.89, the amount of the judgment, or $204.13, as damages for delay.

*Affirmed with damages.*