### Richard F. Gundry, Defendant in Error, v. James Hancock, Plaintiff in Error.

### Gen. No. 14,302.

1. JUDGMENTS—*by what law authentication governed.* The question of the proper and sufficient certification of an official record is not a question controlled by the common law so that an authority thereupon can be found and cited from any state, but the question is controlled by the law of the state "from whence the record comes."

2. JUDGMENTS—*what essential to defeat foreign judgment sued upon in this state.* In order to show that the judgment of a sister state sued upon in this state is void under the decisions of the state of origin, all the facts essential to bring such foreign judgment within such decisions must be shown by the transcript or transcripts of the record of such judgment.

Error to the Municipal Court of Chicago; the Hon. FRANK CROWE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Affirmed. Opinion filed February 16, 1909. Rehearing denied March 2, 1909.

**Statement by the Court.** The transcript of the judgment involved in this case is as follows:

"RICHARD F. GUNDRY,

      Plaintiff,

      vs.         No. 24894.

JAMES HANCOCK,

      Defendant.

Now at this day this cause coming on for trial comes the plaintiff in person and by attorney and defendant although bound to appear comes not but makes default.

Thereupon the plaintiff waives a jury herein and this cause is submitted to the court upon the pleadings and after having heard the evidence and being fully advised in the premises the court finds that defendant is indebted to plaintiff in the sum of fifty-six and 32/100 ($56.32) dollars by reason of the matters in this controversy.

It is therefore considered and adjudged by the court that plaintiff recover from defendant and S. S. Gunlack and W. R. Kemp, the sureties on defendant's appeal bond, the said sum of fifty-six and 32/100 ($56.32) dollars with interest thereon from this date at the rate of six (6%) per cent. per annum, together with all costs incurred in this cause, and have therefor execution."

OSSIAN CAMERON, for plaintiff in error.

ROBERT CANDEE, for defendant in error.

MR. JUSTICE CHYTRAUS delivered the opinion of the court.

In this proceeding in error to reverse a judgment of the court below, which judgment was rendered for $59.21 upon a Missouri judgment, it is assigned for error that the transcript of the judgment was not authenticated as required by law. The only respects pointed out in which it is supposed not to be so authenticated are, first, that it is not shown by the cer-

tificate of the clerk of the Missouri court that the
person certifying as clerk was the clerk of the court
and, second, that there is a failure to show by the
certificate of the person certifying as judge that he
was the judge. In Ducommun v. Hysinger, 14 Ill. 249,
speaking, it is true, of the judge's certificate, it is
said: The judge "is not required to state that the
person who certifies the record is the clerk of the
court, or that the seal attached by him is the seal of
the court. The seal speaks for itself, and is pre-
sumed to be affixed by the officer having the custody
thereof as well as competent authority to do the act."
In that case, referring to the phrase "in due form,"
used in the act of Congress with reference to the
proving of judicial proceedings of a state in another
state, it is held: "The phrase 'in due form' means
the mode of attestation in use in the state from whence
the record comes. The record must be attested ac-
cording to that mode; and the certificate of the judge
is made the evidence of that fact." In the certifica-
tion before us the presiding judge certifies both that
the person who, as clerk, certified was the clerk and
that the attestation of the proceeding was in due
form. The official seal of the court imports authority
of office, that is, that the person certifying was the
proper officer, viz.: the clerk. No authority is pro-
duced holding that the clerk himself must certify that
he is the clerk.

As to the point that the judge's certificate fails to
show that he, himself, was the judge: The question of
the proper and sufficient certification to a judicial
record is not a question controlled, as counsel seems
to think, by the common law so that authority there-
upon can be found and cited from any state, but, as
shown by the case last above cited, the question is
controlled by the law of the state "from whence the
record comes." That is, the attestation must be such
as is used in the state whence the record comes for the
certification of its own records; not such as in that

state, in this instance Missouri, the courts may have held to be sufficient when a record has come from another state there. Therefore, the cases Moyer v. Lyon, 38 Mo. App. 635, and Barlow v. Steel, 65 Mo. 611, cited by counsel for plaintiff in error, are not at all in point, for the records involved in those cases came, one from Pennsylvania and the other from New York.

In Horner v. Spelman, 78 Ill. 206, it is held: "The clerk has certified a transcript of the proceedings under the seal of the court, and the presiding judge of the court has certified that the attestation is in due form. This is all the act of Congress required." In Hull v. Webb, 78 Ill. App. 617, this court, as in duty bound, followed that ruling. No authority has been cited us showing that the act of Congress requires the judge's certificate to show that he is the judge of the court rendering the judgment; neither has any showing been made that the law of Missouri has any such requirement.

In Dunbar v. Hallowell, 34 Ill. 168, it was held: "The judgment itself is *prima facie* evidence of jurisdiction." The case of Chamberlain v. Britton, 136 Ill. App. 290, affirmed in Britton v. Chamberlain, 234 Ill. 246, is a case where this court carefully considered the question whether, upon the interposition of a plea of *nul tiel* record, it is necessary that an authenticated copy of the entire record of the proceedings in a court of a sister state be put in evidence or if the introduction of the decree alone is sufficient. In the opinion Mr. Justice Baker, speaking for the court, held it to be sufficient if the decree alone be put in evidence. Upon the principles in that case enunciated we are of opinion that when the only purpose is to prove the contents and existence of a judgment at law a properly authenticated copy of the judgment order alone is competent and sufficient.

We fail to see that Glos v. Hanford, 212 Ill. 261, which relates to the certificate required upon a delinquent tax list, is at all pertinent where, as here, the

question is one concerning the sufficient certification of a foreign judgment under the act of Congress, and the law of the state where the judgment was rendered. The laws determining what the certification shall be are to be followed in both instances, but those laws are, on this occasion, not the same.

Plaintiff in error, defendant in the judgment, calls our attention to the fact that he made default in the Missouri court and points out to us a provision in a Missouri Statute which he introduced in evidence at the trial in the court here below. The provision is that when an appellant fails to appear, the judgment shall be affirmed. The law of Missouri is, counsel then says, that upon default or failure of an appellant to appear the court has jurisdiction only to affirm not to try the case *de novo* and that, as shown by the transcript of the judgment introduced in evidence, as the Missouri court here heard the case *de novo,* and rendered judgment upon the trial, the court exceeded its jurisdictional power; hence the judgment is void and can afford no basis for a judgment in this state. An authority from Missouri is cited apparently sustaining the contention and the conclusion reached by counsel upon his line of reasoning seems logical. But counsel overlooks the fact that there is no evidence in this record showing that the suit wherein the judgment was rendered by the Missouri court was an appeal. We cannot infer or assume that to be so, as counsel does in his argument, and thus render a judgment based upon mere inference or assumption that a court of a sister state rendered a void judgment. There is a strong presumption to the contrary. The only reference to an appeal in the transcript introduced is in the latter part thereof where it is said: "that plaintiff recover from defendant and S. S. Gunlack and W. R. Kemp, the sureties on defendant's appeal bond." In view of the absence of a full record of the cause, which either party hereto might have introduced and the absence, otherwise than as stated, of

any suggestion in the transcript in evidence that the proceeding wherein the judgment was rendered was an appeal from some inferior tribunal, we cannot consider it to be established that the judgment was rendered in a suit upon appeal. It may as well have been rendered in a suit upon an appeal bond according to some form of procedure in Missouri.

We find no reason for reversing the judgment of the Municipal Court. The judgment will be affirmed.

*Affirmed.*